IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*, | |
| *Plaintiffs*, | |
| *vs.* | Case No. 1:26-cv-477 |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' MOTION FOR STAY UNDER 5 U.S.C. § 705
OR, IN THE ALTERNATIVE, PRELIMINARY INJUNCTION**

Plaintiffs hereby move the Court to enter a stay under 5 U.S.C. § 705 or, in the alternative, a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure.

Defendants have adopted and are implementing a plan to destroy East Potomac Park and East Potomac Golf Course in Washington, D.C., and to build a new golf course designed to hold major professional tournaments. If continued unchecked, that plan (and its implementation) will destroy a National Register historic district significant for landscape architecture, public recreation, and at least one contributing site. The plan's implementation has included, among other things, Defendants causing 30,000 cubic yards of dirt and debris containing solid waste and presumably contaminated with asbestos to be dumped on to the ground at East Potomac Golf Course.

In adopting and implementing that plan and dumping the debris, Defendants have violated and are violating several statutes: the National Environmental Policy Act, the National Historic Preservation Act, and the National Park Service Organic Act – all which violations are reviewable under the Administrative Procedure Act. If Defendants are allowed to continue, they will physically alter and degrade a recognized historic resource, fundamentally transform the character

of the park, and significantly affect the human environment, in flagrant disregard of the statutory safeguards enacted by Congress.

In the Memorandum filed alongside this Motion, Plaintiffs explain that they satisfy the four requirements governing both stays under 5 U.S.C. § 705 and preliminary injunctions under Rule 65(a) of the Federal Rules of Civil Procedure: Plaintiffs are likely to succeed on the merits, Plaintiffs are likely to suffer irreparable harm without preliminary relief, the balance of equities tip in their favor, and preliminary relief is in the public interest. *Global Health Council v. Trump*, 153 F.4th 1, 12 (D.C. Cir. 2025) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

First, Plaintiffs are likely to succeed in showing that Defendants have violated NEPA, the NHPA, and the NPS Organic Act. 42 U.S.C. § 4332(2)(C); § 54 U.S.C. 306108; 54 U.S.C. § 100101. Plaintiffs are also likely to succeed in showing that Defendants' challenged actions are final agency actions reviewable under the APA. 5 U.S.C. § 702. Plaintiffs also are likely to suffer irreparable harm without preliminary relief. Without relief, Defendants will permanently alter the land, its historic layout, and these recognized resources' setting, in both visible and unseeable ways. The three golf courses will be gone; the ground, landscape, and vistas will be irrevocably altered; and 30,000 cubic yards of debris likely containing asbestos and other pollutants will be integrated into the soil of reclaimed land with a high water table adjoining a major waterway and supporting a wide variety of trees and wildlife. Lastly, the balance of equities and public interest both favor preliminary relief. "[T]he Government cannot suffer harm from an injunction that merely ends an unlawful practice."

Therefore, and for the reasons explained in the Memorandum accompanying this Motion and supporting declarations and exhibits, the Court should enter a stay under 5 U.S.C. § 705 or, in the alternative, a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure

of the following scope:

    a. Staying or enjoining Defendants from dumping additional dirt, debris, or other refuse from the East Wing construction project at East Potomac Golf Course or elsewhere at East Potomac Park;

    b. Staying or enjoining Defendants to remove from East Potomac Park the dirt, debris, rubble, and other refuse from the East Wing destruction project;

    c. Staying or enjoining Defendants from further ground disturbance at East Potomac Golf Course or elsewhere at East Potomac Park;

    d. Staying or enjoining Defendants from adopting or implementing any new land-use plans, general management plans, development concept plans, materially altered use, or the like concerning East Potomac Golf Course or East Potomac Park;

    e. Staying or enjoining Defendants from segmenting the challenged action into discrete components for purposes of avoiding NEPA or NHPA review;

    f. Staying or enjoining Defendants from further implementing the termination of the National Links Trust's lease;

    g. Staying or enjoining Defendants from reassigning the lease for East Potomac Golf Course to any other entity;

    h. Staying or enjoining Defendants from ejecting National Links Trust or any of its employees, agents, or assigns from East Potomac Golf Course;

    i. Staying or enjoining Defendants from closing East Potomac Golf Course;

    j. Staying or enjoining Defendants from further developing, altering, or implementing any projects at East Potomac Golf Course or East Potomac Park that rely on or are facilitated by the dirt, debris, or other refuse from the East Wing construction project;

k. Staying or enjoining Defendants from further reliance on their purported NEPA and NHPS assessments concerning the dumping;

l. Staying or enjoining Defendants to preserve the existing physical condition of East Potomac Park and East Potomac Golf Course and all documents, studies, plans, and communications related to land-use planning, fill placement, or golf course redesign; and

m. Staying or enjoining any connected or facilitating actions related to the above relief.

RESPECTFULLY SUBMITTED this Twenty-Third day of February 2026.

Abbe David Lowell [Bar No. 358651]
Jack Bolen*
Angela Reilly*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
adlowell@lowellandassociates.com
jbolen@lowellandassociates.com
areilly@lowellandassociates.com

Norman L. Eisen [Bar No. 435051]
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 601-8678
norman@democracydefenders.org

*Application for admission pending or admission *pro hac vice* forthcoming

/s/Mark B. Samburg
Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*