**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE, *et al.*,

    *Plaintiffs*,

      *vs.*              Case No. 1:26-cv-477

UNITED STATES DEPARTMENT OF
THE INTERIOR, *et al.*,

    *Defendants.*

**JOINT STATUS REPORT**

Following the Court's Case Management Status Conference on March 11, 2026, the parties have met and conferred on a schedule to guide this case's progression.  Defendants intend to file a Motion to Dismiss.  Although Plaintiffs disagree that a Motion to Dismiss is necessary, the parties agree that if Defendants file any such motion, it should be due no later than April 9, with Plaintiffs' response due no later than April 30 and Defendants' reply (if any) due no later than May 14. The parties also agree that Plaintiffs will not file a reply in support of their Motion for a § 705 Stay, or, in the Alternative, Preliminary Injunction (ECF No. 8).[1]

---

[1]    At the status conference the Court indicated it would be willing to resolve minor disputes by telephone. Tr. at 70:5-10.  If the Court wishes to schedule a status conference to address issues raised by this JSR, the parties are both available on Thursday, April 9, or the week of April 13.

1

The parties have not otherwise been able to reach agreement on next steps in the matter.  The parties' separate proposals follow:

*Plaintiffs*

At the Case Management Status Conference, the Court noted that issues of standing and the merits are intertwined and fact-dependent, "especially with respect to final agency action and whether there has been agency action." Tr. at 42:9-12.  The Court instructed the parties to discuss producing some basic information to Plaintiffs and instructed Defendants to produce "what would more or less be the administrative record." Tr. at 71:18-23. *See also* Tr. at 28:10-23; 66:3-17.

Defendants have indicated they are unwilling to do so.  Defendants have not agreed to share test results or any other information regarding their decision to destroy East Potomac Golf Course and continue implementing the Washington National plan.  This is more troubling now than ever, because the facts appear to be evolving quickly.  Among other things, Plaintiffs have learned that officials from the Executive Office of the President met with Department of the Interior officials on or about March 23, 2026, to instruct agency Defendants to continue moving forward with the Washington National plan.

Plaintiffs are also concerned that Defendants could soon commence dumping dirt at East Potomac displaced from additional construction projects, exceeding the volume that Defendants projected on March 11. Plaintiffs proposed that Defendants produce and file an update on plans for continued dumping at East Potomac, including but not necessarily limited to the total volume dumped to date, the total

volume now expected to be excavated from the White House, and any discussions among the National Park Service, the Department of the Interior, and/or the Executive Office of the President concerning the possibility of dumping more dirt at East Potomac from other construction projects, including but not necessarily limited to construction at the White House of a new military facility beneath the Ballroom and construction of a new visitor entrance.  Plaintiffs based this request on Defendants' representation at the Case Management Status Conference that ongoing dumping would "[c]ap[ ] out at 40 [thousand cubic yards] maybe."  Tr. at 23:5.  Defendants did not agree to this proposal.

Plaintiffs also have learned that at some point in 2025, administration officials developed a visual presentation, which includes an illustrated rendering of a "remade" East Potomac Park; Plaintiffs believe (but have not confirmed) that this presentation has been shown to multiple stakeholders interested in the Washington National project.

Plaintiffs accordingly propose as follows:

1.  Plaintiffs propose that Defendants produce all existing test results concerning the debris dumped at East Potomac, no later than seven days following this Joint Status Report's filing, continuing on a rolling basis within seven days of Defendants' receipt of any additional test results.  Plaintiffs base this proposal on the Court's suggestion that Defendants "talk to [Plaintiffs] and agree to provide, for example, voluntarily under a protective order the testing that has been done."  Tr. at 68:13-17.

2.  Plaintiffs propose that Defendants produce to Plaintiffs, simultaneously with any motion to dismiss, or within seven days of this Joint Status Report's filing, an administrative record consistent with the Court's directive at the Case Management Status Conference, including but not limited to (1.) all materials presented to President Trump at the meeting on or about August 1, 2025, and all materials produced as a result of that meeting, as well as (2.) all materials created for and/or discussed between the Executive Office of the President and officials from the Department of the Interior and National Park Service on or about March 23, 2026, and any materials produced as a result of that meeting, and (3.) the visual presentation developed to illustrate Defendants' vision for the Washington National plan.  Plaintiffs base this request on the Court's instruction at the Case Management Status Conference to "see how . . . difficult it would be to get together what would be an administrative record and just, you know, we agree on a process . . . where you get that to them but it's not the official administrative record." Tr. at 66:14-17.  *See also* Tr. at 63:20-23 ("But in the meantime, I am going to consider the question of extra-record discovery, and I am going to ask you all to put together an administrative record.").  Defendants characterize some of these materials as "post-decisional records" and "records before the President (not the agency)."  *Infra* at 12. If such records are "post-decisional," then that bears on the question of final agency action (i.e., consummation of the decisionmaking process); and it indicates that Defendants are much farther along in implementing the Washington National plan than they have admitted.  *See* Def. Br. in Opp. to Motion to Stay (Dkt. 26) at 10-11

4

(representing that Defendants have not "made any decision regarding further redesign of or improvements to East Potomac Golf Course"); *id.* at 17 (arguing Plaintiffs' claims "rest on hypothetical future decisions"). And whether the agency's records have been presented to the President is immaterial; if they are within Defendants' possession, then they are not insulated. And, in any event, Defendants' speculation about specific discovery requests would be more appropriately addressed in opposition to a motion for extra-record discovery, not an *ex ante* attempt to preclude such a motion.

In the ordinary course, an agency must provide the administrative record in an APA case "simultaneously with the filing of a dispositive motion." LCvR 7(n)(1). Other judges in this District have made clear that the Rule means what it says when it comes to motions to dismiss: the administrative record must be provided contemporaneously with motions to dismiss in APA cases. *See, e.g., Abramowitz v. Lake*, __ F.Supp.3d ___, 2026 WL 746989 at *3, n.2 (D.D.C. 2026) (Lamberth, J.); *Smalls v. Stackley*, 2017 WL 11671618 at *1, n.1 (D.D.C. Sep. 5, 2017) (Bates, J.). Agency defendants can withhold an administrative record in connection with a motion to dismiss if the administrative record is not "necessary to decide the threshold legal questions presented by [a] motion to dismiss." *A.M.S. v. Edlow*, ___ F.Supp.3d ___, 2026 WL 850779 at *8 (D.D.C. 2026) (Moss, J.). But this Court has already recognized that standing in this case "is very wrapped up with the merits issues." Tr. at 67:4. If Defendants intend to argue in a motion to dismiss that Plaintiffs lack standing, the Administrative Record will be necessary for "resolving

Defendants' dispositive motion." *Sierra Club v. EPA*, 2026 WL 686323 at *4, n.4 (Contreras, J.). Indeed, the various threshold defenses raised by Defendants in response to Plaintiffs' Motion for a § 705 Stay or Preliminary Injunction largely relied on factual disputes, rather than legal theories that would even apply to the facts as pled in Plaintiffs' Complaint. Defendants cannot have it both ways: they cannot accuse Plaintiffs of not producing evidence of standing while withholding that evidence.

3. Plaintiffs propose that they file any motion for extra-record discovery no later than seven days after receipt of the administrative record, with Defendants' response due no later than 14 days afterward and Plaintiffs' reply due no later than seven days thereafter. Plaintiffs base this proposal on the Court's statement that "I am going to consider the question of extra-record discovery," Tr. at 63:21-22, and its indication that it expected to receive briefing on a request for extra-record discovery. Tr. at 67:16-20 ("I do agree that you have a right to brief extra-record discovery. I think what should happen is that you guys should come together on a briefing schedule for how you want this case to move forward, right.")

4. Plaintiffs propose that, following the conclusion of any extra-record discovery, or the Court's denial of a motion for such discovery, the parties propose a schedule for cross-motions for summary judgment, including any standing arguments Defendants wish to raise in their contemplated motion to dismiss, the factual basis of which will then be fully developed. Plaintiffs base this proposal on the Court's statements that "ideally what we would [do] is either some discovery,

whether it be only this limited administrative record discovery in quotation marks or that and the administrative and extra-administrative record discovery. And then we jump from that into either summary judgment briefing and [Defendants] can combine [their] motion to dismiss with the summary judgment brief," Tr. at 67:21-68:2, and that the "standing issue . . . . in my mind, is very wrapped up with the merits issues," Tr. at 67:3-4.

5.   Plaintiffs propose that within seven days of this Joint Status Report's filing, Defendants file with the Court an update on plans for continued dumping at East Potomac, including but not necessarily limited to the total volume dumped to date, the total volume now expected to be excavated from the White House, and any discussions among the National Park Service, the Department of the Interior, and/or the Executive Office of the President concerning the possibility of dumping more dirt at East Potomac from other construction projects, including but not necessarily limited to construction at the White House of a new military facility beneath the Ballroom and construction of a new visitor entrance.  Plaintiffs base this request on Defendants' representation at the Case Management Status Conference that ongoing dumping would "[c]ap[ ] out at 40 [thousand cubic yards] maybe." Tr. at 23:5.

***Defendants***

The Court should assure itself of jurisdiction in this case and proceed in the ordinary course for matters brought pursuant to the Administrative Procedure Act. Courts in this Circuit routinely defer lodging of the administrative record until after

resolution of a motion to dismiss.[2]  This approach is justified for at least three reasons.

First, it ensures the court has jurisdiction before reaching matters concerning the merits of the case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (citation omitted)), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025); *see also Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) ("Because a federal court without jurisdiction cannot perform a law-declaring function in a controversy, the Supreme Court has held that Article III jurisdiction is always an antecedent question to be answered prior to any merits inquiry." (citation modified)).  And contrary to Plaintiffs' position, the D.C. Circuit has consistently made clear that constitutional standing and merits analyses (only the latter of which would require the administrative record) are distinct inquiries.  *E.g. Maine Lobstermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 70 F.4th 582, 592 (D.C. Cir. June 16, 2023) ("The analysis of standing to sue 'in no way depends on the merits.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)).[3]

---

[2] *See, e.g.*, *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); *Carroll v. Office of Fed. Contract Compliance Programs*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *PETA, Inc. v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014); *see also US Inventor, Inc. v. U.S. Patent & Trademark Off.*, No. 22-cv-2218, 2023 U.S. Dist. LEXIS 119316, at *27 (D.D.C. July 12, 2023) (granting motion to dismiss and providing relief from administrative record requirements and recognizing "courts in this District routinely do so when the administrative record is not necessary for [the court's] decision") (internal quotation marks and citation omitted).

[3] To be sure, there is a line of cases indicating that the zone-of-interests inquiry—a matter of *prudential* or *statutory* standing—may be merged with merits questions of

Second, Local Rule 7(n)(1) does not envision providing a certified list of the contents of the administrative record until the later of 30 days following service of an *answer* or simultaneously with a dispositive motion *that relies on the administrative record*. *See* Minute Order, *Safari Club Int'l v. Jewell*, No. 14-cv-670 (D.D.C. June 23, 2014) ("LCvR 7(n)(1) was amended for the convenience of the Court and addresses cases at the summary judgment stage . . . .").

Third, consideration first of a motion to dismiss provides the opportunity to conserve scarce agency and judicial resources. *See Liang v. U.S. Citizenship & Immigr. Servs.*, No. 24-cv-1690, 2025 WL 2694831, at *9 (D.D.C. Sept. 25, 2025) (rejecting need for the administrative record in order "to conserve scarce agency resources" where "the case must be dismissed for lack of jurisdiction").

Here, as indicated in their Response in Opposition to Plaintiff's Motion for Stay Or, in the Alternative, Preliminary Injunction, Dkt. No. 26, Defendants have identified significant jurisdictional and other threshold concerns that they anticipate raising in a facial Motion to Dismiss without relying on the Administrative Record. Defendants maintain that the Court's consideration of these issues will resolve this case in its entirety, and if not, will at least narrow the issues before the Court and the scope of any Administrative Record. Therefore, a

---

reviewability. *See, e.g.*, *Concilio De Salud Integral De Loiza, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 538 F. Supp. 2d 139, 148 (D.D.C. 2008). But as the Supreme Court and D.C. Circuit have since made clear, this is because the zone-of-interests inquiry—unlike constitutional standing—"*is* a merits issue, not a jurisdictional one." *CSL Plasma Inc. v. U.S. Customs & Border Prot.*, 33 F.4th 584, 586 (D.C. Cir. 2022) (emphasis added) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014).

decision on Defendants' forthcoming Motion to Dismiss prior to the lodging of the Administrative Record and any subsequent extra-record briefing would ensure that the Court first has jurisdiction and authority to consider those issues, remain consistent with the Local Rules, and will likely conserve judicial, counsel, and agency resources.

Defendants are respectful of any desire to move this case forward without unnecessary delay. Accordingly, Defendants have agreed to promptly file their Motion to Dismiss on April 9, 2026—18 days earlier than permitted under Federal Rule of Civil Procedure 12(a)(2).

### i. Defendants' Proposed Schedule

In light of the above, Defendants propose that this case proceed in three phases as follows:

**I. Phase One – Motion to Dismiss (see *supra* 1)**

- **April 9** – Defendants' deadline to file their Motion to Dismiss.
- **April 30** – Plaintiffs' deadline to file their Response.
- **May 14** – Defendants' deadline to file their Reply.

**II. Phase Two (if necessary) – Lodging the AR & AR Motion Practice**

- **TBD** – The Court rules on Defendants' Motion to Dismiss.

  [If Defendants' Motion is denied in whole or in part]
- **+14 Days** – Defendants lodge the Administrative Record.
- **+14 Days** – Plaintiffs' deadline to file any extra-record motion.
- **+21 Days** – Defendants' deadline to file their Response.

10

- **+14 Days** – Plaintiffs' deadline to file their Reply.

## III.    Phase Three (if necessary) – Further Proceedings

- If Defendants' Motion to Dismiss is denied in whole or in part,

    (a) If no extra-record motion is filed, then within 21 days of lodging the Administrative Record; or

    (b) If an extra-record motion is filed, then within 14 days of the Court ruling on the motion,

the parties will file a Joint Status Report providing a schedule for further proceedings to enable this case to reach a resolution.

Defendants respectfully request that the Court first assure itself of jurisdiction and allow this case to proceed in the ordinary course following the above schedule.  If, however, the Court rejects Defendants' request and requires lodging of the Administrative Record and any related extra-record briefing prior to resolution of Defendants' Motion to Dismiss, Defendants ask that the Court waive Local Rule 7(n) and require the Administrative Record to be lodged no earlier than April 30, with any extra-record motion, response brief, and reply brief, to follow no earlier than May 14, June 4, and June 18, respectively, to avoid double-briefing and additional strain on client and counsel resources.

### ii.    Extra-Record and "Discovery" Matters

Defendants understand that Plaintiffs may seek production of stockpile testing results and other categories of information identified at the hearing. Plaintiffs seek, among other, things post-decisional records, records before the

11

President (not the agency), and deliberative materials.  All of Plaintiffs requests, however, misapprehend basic record review principles in Administrative Procedure Act cases.  *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").  Defendants maintain that while Plaintiffs' demands are wrong on substance, more importantly for purposes of this Joint Status Report, they are wrong on procedure.

It is Defendants' position that, assuming their Motion to Dismiss is denied in whole or in part, then the agency should be given the opportunity to compile the Administrative Record in the first instance without Plaintiffs' interference.  *See, e.g.*, *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (recognizing that in compiling the administrative record "an agency is entitled to a strong presumption of regularity" and that "[c]ommon sense dictates that the agency determines what constitute the 'whole' administrative record").  Then, after the Administrative Record is lodged, if Plaintiffs seek extra-record information to complete or supplement the record, or to obtain "discovery" outside the Administrative Record, they may make a timely motion raising their substantive arguments for such information and Defendants should be provided the opportunity to respond.

RESPECTFULLY SUBMITTED this Seventh day of April 2026.

For the Plaintiffs:

  /s/ *Will Bardwell*

12

Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C.  20043
(202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Abbe David Lowell (Bar No. 358651)
John P. Bolen (Bar No. 90031046)
Angela Reilly, *pro hac vice*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, D.C.  20005
T: (202) 964-6110
F: (202) 964-6116
adlowell@lowellandassociates.com
jbolen@lowellandassociates.com
areilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C.  20003
Tel: (202) 601-8678
normal@democracydefenders.org
lindsay@democracydefenders.org


For Defendants:

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Michael K. Robertson*
MICHAEL K. ROBERTSON
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202)-305-9609
Email: Michael.Robertson@usdoj.gov

14