**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE, *et al.*,

    *Plaintiffs*,

    *vs.*

UNITED STATES DEPARTMENT OF THE
INTERIOR, *et al.*,

    *Defendants*.

Case No. 1:26-cv-477

---

**PLAINTIFFS' MOTION FOR AN EMERGENCY STATUS CONFERENCE AND IN
FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR A SECTION 705 STAY OR, IN
THE ALTERNATIVE, A PRELIMINARY INJUNCTION**

Plaintiffs hereby ask the Court to set a remote status conference at the Court's earliest possible convenience to address recent developments that lend greater urgency to Plaintiffs' motion for a stay under 5 U.S.C. § 705 or, in the alternative, a preliminary injunction.

As set forth in the accompanying memorandum, news outlets NOTUS and *The Washington Post* have reported this weekend that Defendants intend to begin construction—including tree removal—on Monday, May 4, based on the National Park Service's "pre-approved plans," to be followed by "major" renovations. That reporting is corroborated by a fundraising brochure in which a nonprofit foundation, established for the purpose of leading the "comprehensive redevelopment" of East Potomac, is soliciting contributions that "will be used" pursuant to a "binding agreement" toward that redevelopment. Artistic renderings of the new "championship" golf course show it will replace the entire footprint of East Potomac Park, including Hains Point and the Golf Course's historic design. If continued unchecked, that plan (and its implementation) will destroy a National Register historic district significant for

landscape architecture, public recreation, and at least one contributing site. The plan's implementation has included, among other things, Defendants causing 37,000 cubic yards of dirt and debris to be dumped on to the ground at East Potomac Golf Course. Defendants' recently released test results confirm that they did not even begin testing for contaminants and carcinogens until after the dumping had begun and that tests yielded several results above actionable levels, including for lead, arsenic, petroleum byproducts, and other toxins. Defendants nevertheless are maintaining that "stockpile," and they imminently will cause the clearing of an untold number of trees.

These new developments confirm what Plaintiffs have said all along: Defendants have *already* adopted and are now implementing a plan to overhaul East Potomac Golf Course, and they are doing so in violation of the National Environmental Policy Act, the National Historic Preservation Act, and the National Park Service Organic.

For the reasons explained in the Memorandum accompanying this Motion and supporting exhibit, the Court should set an emergency status conference to address these developments. Moreover, as Plaintiffs requested in their pending motion, which is incorporated herein by reference, the Court should enter a stay under 5 U.S.C. § 705 or, in the alternative, a preliminary injunction preventing Defendants from:

a. Dumping additional dirt, debris, or other refuse from the East Wing construction project at East Potomac Golf Course or elsewhere at East Potomac Park;

b. Ejecting or otherwise not having in place a golf course operator at East Potomac Golf Course;

2

c.  Further ground disturbance at East Potomac Golf Course or elsewhere at East Potomac Park, including but not limited to dumping dirt, debris, rubble, or any other refuse from the East Wing construction project;

d.  Adopting or implementing any new land-use plans, general management plans, development concept plans, materially altered use, or the like concerning East Potomac Golf Course or East Potomac Park;

e.  Further developing, altering, or implementing any projects at East Potomac Golf Course or East Potomac Park that rely on or are facilitated by the dirt, debris, or other refuse from the East Wing construction project;

f.  Further relying on their October 16, 2025, NEPA and NHPA assessments concerning the dumping;

g.  Closing East Potomac Golf Course or otherwise impeding normal business and public play within regular operating hours;

h.  Disturbing the existing physical condition of East Potomac Park and East Potomac Golf Course, including but not limited to removing trees; and

i.  Any connected or facilitating actions related to the above relief.

To the extent the Court will require additional time to consider the pending motion or hold a status conference, a temporary stay to preserve the status quo would be appropriate.

RESPECTFULLY SUBMITTED this Third day of May 2026.

<table>
<tr><td>Abbe David Lowell [Bar No. 358651]</td><td><i>/s/Will Bardwell</i></td></tr>
<tr><td>Jack Bolen*</td><td>Will Bardwell (Bar No. 90006120)</td></tr>
<tr><td>Angela Reilly*</td><td>Mark B. Samburg (Bar No. 1018533)</td></tr>
<tr><td>LOWELL & ASSOCIATES, PLLC</td><td>Catherine M.A. Carroll (Bar No. 497890)</td></tr>
<tr><td>1250 H Street, N.W., Suite 250</td><td>Robin F. Thurston (Bar No. 7268942)</td></tr>
<tr><td>Washington, DC 20005</td><td>DEMOCRACY FORWARD FOUNDATION</td></tr>
<tr><td>T: (202) 964-6110</td><td>P.O. Box 34553</td></tr>
<tr><td>F: (202) 964-6116</td><td>Washington, D.C. 20043</td></tr>
</table>

3

adlowell@lowellandassociates.com
jbolen@lowellandassociates.com
areilly@lowellandassociates.com

Norman L. Eisen [Bar No. 435051]
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 601-8678
norman@democracydefenders.org

*Application for admission pending or
admission *pro hac vice* forthcoming

(202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*