# EXHIBIT 1

## **DEFINITIONS**

As used in these Interrogatories, Requests for Production, and Requests for Admission, the following terms are to be interpreted in accordance with the following definitions. For words or phrases that are undefined below, Defendants shall apply the ordinary and common meaning of the terms. Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules:

1. The use of a word in its singular form shall be deemed to include within its use the plural as well, and vice versa, wherever necessary to bring within the scope of the following Interrogatories information that might otherwise be construed to be outside their scope.

2. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the following Interrogatories information that might otherwise be construed as outside their scope.

3. The use of a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns.

4. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive.

5. "Each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any."

6. The terms "concerning," "regarding," and "relating to" each mean concerning, describing, involving, mentioning, pertaining to, comprising, referring to, regarding, showing, disclosing, explaining, summarizing, bearing upon, setting forth, or referencing in any way.

7. "Describe" or "state" means to set forth fully and unambiguously every fact that relates to the answer called for by the Interrogatories of which you have knowledge and to identify each individual with knowledge or information that relates to your answer. "Describe" or "state," when used in reference to a factual or legal contention, means to describe the full factual and legal basis for the contention, to identify all documents either supporting or contradicting the contention, and to identify all persons that you believe are knowledgeable about each such fact or document.

8. "Including" means "including, but not limited to.

9. "Person" refers to any natural person, alive or deceased, or any legal entity, including, without limitation, any business; corporation; firm; partnership; joint venture; joint stock company; incorporated or unincorporated association or society; state, local, or federal

government, or any of its agencies or political subdivisions; court; non-profit, or governmental entity or association; or any other form of legal entity.

10. "Identify" when used in connection with the term "individual" or "individuals" means to state the person's name, title, and employing agency.

11. Requests for Production should be construed to request all documents (regardless of form, including but not limited to written documents, e-mails, text messages, direct messages on any Internet communications platform, and Google Docs or the like) within possession or control of Defendants or any of their employees or other assigns.

12. "East Potomac" refers to and includes each and all of: East Potomac Golf Links, East Potomac Park, East Potomac Golf Course, Hains Point, and any specific feature or asset contained within East Potomac Park. Any search for records concerning "East Potomac" should encompass, at a minimum, independent searches for "East Potomac," "EPGC," "EPGL," and "Hains."

## INSTRUCTIONS

1. In addition to the specific instructions below, these Requests incorporate by reference the instructions set forth in Federal Rules of Civil Procedure 33, 34, and 36.

2. These requests shall be deemed continuing and require supplemental responses to the extent Defendants obtain further relevant information after Defendants' initial response.

3. Each request solicits all information available to Defendants or obtainable form Defendants, Defendants' employees, agents, or representatives, past and present.

4. If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5. If any Interrogatory or Request for Admission is not answered or any document withheld because of a claim of privilege (including the work-product doctrine), Defendants shall identify the factual and legal bases for the assertion of such privilege with particularity.

6. Each Request herein should be construed independently. No Request shall be read as limiting any other Request.

7. In each instance where Defendants deny knowledge or information sufficient to answer any Interrogatory or any party thereof, state the name and address of each person, if any, known or believed to have such knowledge.

8. To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.

9. If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

10. Each Document is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant,

2

non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.

11. Produced Documents and things should be numbered sequentially with "Bates numbering."

12. If any Documents are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.

13. If no Documents or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

14. Defendants shall specifically admit or deny each Request for Admission.

15. When good faith requires that Defendants qualify its answer or deny only a part of the matter for which an admission is requested, Defendants shall specify the portions of the Request to which it admits and then deny or qualify the remainder.  Wherever a denial or partial denial is made, Defendants shall state each and every fact that forms the basis for the denial or partial denial, and shall identify all documents that support or tend to refute its denial or partial denial.

16. Defendants shall not give lack of information or knowledge as a reason for a failure to admit or deny a Request for Admission, unless Defendants indicate that they have made a reasonable inquiry and indicate that the information known or readily obtainable by Defendants is insufficient to admit or deny the matter.

17. Unless other specified, the Relevant Time Period for these requests is January 1, 2024, through the present.


**REQUESTS FOR ADMISSION:**

1. Admit that the "National Garden of American Heroes Foundation" pledge agreement document and its contents were reviewed by one or more Defendant before distribution to potential donors or fundraisers.

2. Admit that the "National Garden of American Heroes Foundation" pledge agreement document and its contents were approved by one or more Defendant before distribution to potential donors or fundraisers.

3. Admit that one or more Defendant entered an agreement with the "National Garden of American Heroes Foundation" to permit the "Foundation" to conduct fundraising in furtherance of the project outlined in the pledge agreement document, or otherwise authorized the "Foundation" to do so.

4. Admit that neither Defendants, nor any of their contractors or other assigns, conducted laboratory tests for contaminants in the dirt deposited at East Potomac from the East

3

Wing during one or more of the first eight days Defendants were depositing dirt (October 20-October 27).

**INTERROGATORIES:**

1. Identify all attendees at the meeting at the White House on or about August 1, 2025, at which Secretary Burgum proposed stockpiling dirt from the East Wing construction project on East Potomac.

2. Identify all attendees at any visit(s) or tour(s) of East Potomac attended by Tom Fazio and the date(s) on which each attendee was present with Mr. Fazio.

**REQUESTS FOR PRODUCTION:**

1. Provide all e-mails, text messages, correspondence, agreements, or documents of any type since January 20, 2025, that include any of the following words or phrases: "East Potomac," "Washington National," "U.S. Open," "Ryder Cup," "PGA Championship," "Walter Travis," "Coore Crenshaw," "Bill Coore," "Ben Crenshaw," "Gil Hanse," "Rob Collins," "Tom Doak," "Fazio," "Trump National," "Joel Beall," "Bamberger," "Fried Egg," "Shotgun Start," "Garrett Morrison," or "Pablo Torre."

2. Provide all correspondence and/or agreements between employees, representatives, or agents of Defendants and any individual affiliated with the "National Garden of American Heroes Foundation," including, but not limited to, Meredith O'Rourke or Abby Mathis.

3. Provide any memoranda, briefing materials, or other documents created by Defendants or the "National Garden of American Heroes Foundation" and provided to and/or approved by Secretary Burgum or Jessica Bowron concerning any alterations to East Potomac.

4. Provide all correspondence and/or agreements between Defendants, their employees, their representatives, their agents, or other of their assigns, and Trump Golf or its representatives, employees, agents, or assigns.

5. Provide all correspondence and/or agreements between Defendants, their employees, their representatives, their agents, or other of their assigns, and any individual affiliated with National Links Trust since August 1, 2025.

6. Provide all correspondence and/or agreements between Defendants, their employees, their representatives, their agents, or other of their assigns, and any individual affiliated with Tom Fazio, Fazio Design, Ben Crenshaw, Bill Coore, and/or the Coore Crenshaw design firm concerning East Potomac.

7. Provide all documents created since January 20, 2025 regarding East Potomac and the National Capital Planning Commission, including but not necessarily limited to correspondence and/or agreements.

8. Provide documentation sufficient to demonstrate that National Links Trust owed in excess of $5 million in unpaid rent at the time of its lease termination.

9. Provide all notes, briefing materials, or other documents created in anticipation of, during, or as a result of the meeting at the White House on or about August 1, 2025 , at which Secretary Burgum proposed stockpiling dirt from the East Wing construction project on East Potomac.

10. Provide all documents prepared in anticipation of, during, or as a result of any meetings concerning East Potomac, including but not limited to meetings between Defendants, their employees, their representatives, their contractors, their agents, or any other of their assigns, and the Executive Office of the President.

11. Provide all correspondence, agreements, notes, or other documents concerning Jacobs Engineering's testing and analysis of the dirt pile.

12. Provide all correspondence, agreements, notes, or other documents concerning Clark Construction's testing of dirt, debris, refuse, or other materials excavated from the East Wing and designated to be dumped at East Potomac.

13. Provide all correspondence, agreements, notes, or other documents concerning any proposal to close East Potomac for more than three consecutive days, excluding any closures from January, February, or March 2026 resulting from snowfall or naturally occurring ice.

14. Provide all correspondence, agreements, notes, or other documents prepared in anticipation of, during, or as a result of any tour of East Potomac by Tom Fazio or Fazio Design, and/or any of their employees, their representatives their contractors, their agents, or any other of their assigns. This request includes all correspondence, agreements, notes, or other documents prepared in anticipation of, during, or as a result of any conversations between Donald Trump and Tom Fazio.

## REQUEST FOR ENTRY ON LAND

1. Pursuant to Federal Rule of Civil Procedure 34(a)(2), permit Plaintiffs' agent to access East Potomac Park, including the East Potomac Golf Course for the following purposes: (1) inspection and visual assessment of debris, soil, and surface conditions at the golf course and of the debris pile located on the White Course; (2) collection of soil core samples, debris samples, and shallow soil samples at locations (including, but not limited to, the debris pile located on the White Course) identified by the Plaintiff's environmental experts; (3) photography and documentation of site conditions; and (4) related purposes not disruptive to the use of East Potomac Park.