# EXHIBIT 2

**Third-Party Subpoena to Fazio Design to Produce Documents**

Definitions

1. "Document" or "Documents" means all written, printed, typed, recorded, graphic, photographic, or electronically stored information of any kind, whether in original, draft, or copy form. "Documents" include but are not limited to: letters, correspondence, emails and attachments, memoranda, notes, reports, studies, invoices, contracts, agreements, logs, and manuals; sketchings, drawings, illustrations, routings, blueprints, or the like; electronically stored information including instant messages, text messages, voicemail, data stored on servers, hard drives, cloud storage, and social media; photographs, videos, and audio and video recordings; and databases, spreadsheets, and metadata in any format, including in native electronic format.

2. "Communication" or "Communications" means any transmission or exchange of information, ideas, or data between two or more persons or entities, whether in writing, orally, or by any other means, including but not limited to face-to-face conversations, telephone calls, voicemails, letters, emails, and other electronic messages.

3. "Agreement" means any contract, arrangement, understanding, or commitment, whether formal or informal, written or oral, and whether or not legally binding, between two or more persons or entities.

4. "East Potomac" means and includes each and all of: East Potomac Golf Links, East Potomac Park, East Potomac Golf Course, Hains Point, and any specific feature or asset contained within East Potomac Park. Any search for records concerning "East Potomac" should encompass, at a minimum, independent searches for "East Potomac," "EPGC," "EPGL," and "Hains."

5. "Lawsuit" refers to *DC Preservation League, et al. v. United States Department of the Interior, et al.*, No. 1:26-cv-477-ACR (D.D.C.).

6. "Foundation" refers to the National Garden of American Heroes Foundation, including but not limited to its officers, directors, employees, agents, contractors, and representatives.

7. "NLT" or "National Links Trust" refers to the National Links Trust, including but not limited to its officers, directors, employees, agents, volunteers, contractors, and representatives.

8. "DOI" or "NPS" refers to the U.S. Department of the Interior and the National Park Service, respectively, including their officials, employees, consultants, contractors, and agents.

9. "Relating to" or "Regarding" means consisting of, referring to, reflecting, containing, concerning, describing, discussing, mentioning, or being in any way logically or factually connected with the matter described.

10. "You" or "Your" means Tom Fazio, Fazio Design, and/or any entity owned, controlled, or operated by Tom Fazio, including all officers, employees, agents, contractors, and representatives thereof.

11. The use of the singular includes the plural, and the use of the plural includes the singular. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

12. Unless otherwise specified, the Relevant Time Period for these requests is January 1, 2024, through the present.

## Instructions

1.  In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 45.

2.  These Requests shall be deemed continuing and require supplemental responses to the extent You obtain further relevant information after Your initial response.

3.  Each Request solicits all information available to You or obtainable from Your employees, agents, or representatives, past and present.

4.  If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5.  If any Document or Communication is withheld because of a claim of privilege (including the work-product doctrine), You shall identify the factual and legal bases for the assertion of such privilege with particularity.

6.  Each Request herein should be construed independently. No Request shall be read as limiting any other Request.

7.  To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.

8.  If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

9.  Each Document and Communication is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant, non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.

10. Produced Documents, Communications, and things should be numbered sequentially with "Bates numbering."

11. If any Documents or Communications are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents or Communications were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.

12. If no Documents, Communications, or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

<u>Requests</u>

<u>Request No. 1</u>: All Documents and Communications Relating to any Agreement concerning the design, renovation, or other substantial alteration to of any portion of East Potomac, including Documents and Communications Relating to the partnership announced by Secretary Burgum in May 2026.

<u>Request No. 2</u>: All Documents and Communications Relating to Your site visit(s) to East Potomac, including any correspondence Related to arrangements for the visit, and any notes, assessments, and/or photographs Related to these visits.

<u>Request No. 3</u>: All Documents and Communications Relating to any meeting including both You and President Trump concerning East Potomac, including any materials You prepared, presented, or discussed at those meetings concerning the design or renovation of any portion of East Potomac, and any materials (including follow-up Communications) that you created as a result of such any such meeting(s).

<u>Request No. 4</u>: All site plans, proposals (whether formal or informal), architectural renderings, sketchings, drawings, routings, blueprints, topographic maps, illustrations, design specifications (whether created by You or not), or suggestions/feedback regarding the same (whether formal or informal) for any portion of East Potomac prepared by You or at Your instruction or request.

<u>Request No. 5</u>: All Your Communications with NLT, William Doffermyre, Meredith O'Rourke, any federal official, and/or the Foundation concerning any modifications, design, development, routine or non-routine maintenance, or other substantial alteration to any portion of East Potomac.

3

**Third-Party Subpoena to the National Garden of American Heroes Foundation to Produce Documents**

<u>Definitions</u>

1. "Document" or "Documents" means all written, printed, typed, recorded, graphic, photographic, or electronically stored information of any kind, whether in original, draft, or copy form. "Documents" include but are not limited to: letters, correspondence, emails and attachments, memoranda, notes, reports, studies, invoices, contracts, agreements, logs, and manuals; sketchings, drawings, illustrations, routings, blueprints, or the like; electronically stored information including instant messages, text messages, voicemail, data stored on servers, hard drives, cloud storage, and social media; photographs, videos, and audio and video recordings; and databases, spreadsheets, and metadata in any format, including in native electronic format.
2. "Communication" or "Communications" means any transmission or exchange of information, ideas, or data between two or more persons or entities, whether in writing, orally, or by any other means, including but not limited to face-to-face conversations, telephone calls, voicemails, letters, emails, and other electronic messages.
3. "Agreement" means any contract, arrangement, understanding, or commitment, whether formal or informal, written or oral, and whether or not legally binding, between two or more persons or entities.
4. "East Potomac" means and includes each and all of: East Potomac Golf Links, East Potomac Park, East Potomac Golf Course, Hains Point, and any specific feature or asset contained within East Potomac Park.  Any search for records concerning "East Potomac" should encompass, at a minimum, independent searches for "East Potomac," "EPGC," "EPGL," and "Hains."
5. "Lawsuit" refers to *DC Preservation League, et al. v. United States Department of the Interior, et al.*, No. 1:26-cv-477-ACR (D.D.C.).
6. "NLT" or "National Links Trust" refers to the National Links Trust, including but not limited to its officers, directors, employees, agents, contractors, and representatives.
7. "DOI" or "NPS" refers to the U.S. Department of the Interior and the National Park Service, respectively, including their officials, employees, consultants, contractors, and agents.
8. "Relating to" or "Regarding" means consisting of, referring to, reflecting, containing, concerning, describing, discussing, mentioning, or being in any way logically or factually connected with the matter described.
9. "You" or "Your" means the National Garden of American Heroes Foundation, including but not limited to its officers, directors, employees, agents, representatives, and anyone working .
10. The use of the singular includes the plural, and the use of the plural includes the singular. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.
11. Unless otherwise specified, the Relevant Time Period for these requests is January 1, 2021, through the present.

## Instructions

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 45.
2. These Requests shall be deemed continuing and require supplemental responses to the extent You obtain further relevant information after Your initial response.
3. Each Request solicits all information available to You or obtainable from Your employees, agents, or representatives, past and present.
4. If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.
5. If any Document or Communication is withheld because of a claim of privilege (including the work-product doctrine), You shall identify the factual and legal bases for the assertion of such privilege with particularity.
6. Each Request herein should be construed independently. No Request shall be read as limiting any other Request.
7. To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.
8. If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.
9. Each Document and Communication is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant, non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.
10. Produced Documents, Communications, and things should be numbered sequentially with "Bates numbering."
11. If any Documents or Communications are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents or Communications were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.
12. If no Documents, Communications, or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

## Requests

Request No. 1: All Documents and Communications Relating to the development, design, or maintenance of any portion of East Potomac.

<u>Request No. 2</u>: All versions and drafts of any proposed or actual fundraising materials, pledge agreements, or other Documents circulated to prospective or actual donors, including all accompanying renderings or brochures.

<u>Request No. 3</u>: All Your Communications with federal officials concerning East Potomac.

<u>Request No. 4</u>: Documents sufficient to show the first date on which the Foundation began soliciting donors for any project Relating to East Potomac.

<u>Request No. 5:</u> Documents sufficient to show that You have collected actual contributions and/or binding funding commitments in response to your solicitation of donations in support of projects relating to East Potomac.

<u>Request No. 6:</u> Documents sufficient to identify the scope and nature of any Agreements or arrangements between you and DOI or NPS.

### Third-Party Subpoena to O'Rourke Group to Produce Documents

<u>Definitions</u>

1. "Document" or "Documents" means all written, printed, typed, recorded, graphic, photographic, or electronically stored information of any kind, whether in original, draft, or copy form. "Documents" include but are not limited to: letters, correspondence, emails and attachments, memoranda, notes, reports, studies, invoices, contracts, agreements, logs, and manuals; sketchings, drawings, illustrations, routings, blueprints, or the like; electronically stored information including instant messages, text messages, voicemail, data stored on servers, hard drives, cloud storage, and social media; photographs, videos, and audio and video recordings; and databases, spreadsheets, and metadata in any format, including in native electronic format.

2. "Communication" or "Communications" means any transmission or exchange of information, ideas, or data between two or more persons or entities, whether in writing, orally, or by any other means, including but not limited to face-to-face conversations, telephone calls, voicemails, letters, emails, and other electronic messages.

3. "Agreement" means any contract, arrangement, understanding, or commitment, whether formal or informal, written or oral, and whether or not legally binding, between two or more persons or entities.

4. "East Potomac" means and includes each and all of: East Potomac Golf Links, East Potomac Park, East Potomac Golf Course, Hains Point, and any specific feature or asset contained within East Potomac Park. Any search for records concerning "East Potomac" should encompass, at a minimum, independent searches for "East Potomac," "EPGC," "EPGL," and "Hains."

5. "Lawsuit" refers to *DC Preservation League, et al. v. United States Department of the Interior, et al.*, No. 1:26-cv-477-ACR (D.D.C.).

6. "Foundation" refers to the National Garden of American Heroes Foundation, including but not limited to its officers, directors, employees, agents, contractors, and representatives.

7. "NLT" or "National Links Trust" refers to the National Links Trust, including but not limited to its officers, directors, employees, agents, contractors, and representatives.

8. "DOI" or "NPS" refers to the U.S. Department of the Interior and the National Park Service, respectively, including their officials, employees, consultants, contractors, and agents.

9. "Relating to" or "Regarding" means consisting of, referring to, reflecting, containing, concerning, describing, discussing, mentioning, or being in any way logically or factually connected with the matter described.

10. "You" or "Your" means Meredith O'Rourke and any entity owned, controlled, or operated by Meredith O'Rourke, including The O'Rourke Group, and all officers, employees, agents, and representatives thereof.

11. The use of the singular includes the plural, and the use of the plural includes the singular. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

12. Unless otherwise specified, the Relevant Time Period for these requests is January 1, 2021, through the present.

<u>Instructions</u>

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 45.
2. These Requests shall be deemed continuing and require supplemental responses to the extent You obtain further relevant information after Your initial response.
3. Each Request solicits all information available to You or obtainable from Your employees, agents, or representatives, past and present.
4. If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.
5. If any Document or Communication is withheld because of a claim of privilege (including the work-product doctrine), You shall identify the factual and legal bases for the assertion of such privilege with particularity.
6. Each Request herein should be construed independently. No Request shall be read as limiting any other Request.
7. To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.
8. If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.
9. Each Document and Communication is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant, non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.
10. Produced Documents, Communications, and things should be numbered sequentially with "Bates numbering."
11. If any Documents or Communications are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents or Communications were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.
12. If no Documents, Communications, or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

<u>Requests</u>

<u>Request No. 1</u>: All Documents and Communications Relating to East Potomac.

Request No. 2: All Documents that You have circulated, distributed or otherwise provided to prospective or actual donors of the Foundation.

Request No. 3: All Communications with Tom Fazio or Fazio Design.

Request No. 4: All Your Communications with federal officials related to the financing, funding, or fundraising for any projects Related to any portion of East Potomac.

Request No. 5: Documents sufficient to identify the scope and nature of Your employment or business relationship with the Foundation.

Request No. 6: Documents sufficient to identify the scope and nature of any Agreements or arrangements between You and DOI or NPS.

**Third-Party Subpoena to National Links Trust to Produce Documents**

<u>Definitions</u>

1. "Document" or "Documents" means all written, printed, typed, recorded, graphic, photographic, or electronically stored information of any kind, whether in original, draft, or copy form. "Documents" include but are not limited to: letters, correspondence, emails and attachments, memoranda, notes, reports, studies, invoices, contracts, agreements, logs, and manuals; sketchings, drawings, illustrations, routings, blueprints, or the like; electronically stored information including instant messages, text messages, voicemail, data stored on servers, hard drives, cloud storage, and social media; photographs, videos, and audio and video recordings; and databases, spreadsheets, and metadata in any format, including in native electronic format.
2. "Communication" or "Communications" means any transmission or exchange of information, ideas, or data between two or more persons or entities, whether in writing, orally, or by any other means, including but not limited to face-to-face conversations, telephone calls, voicemails, letters, emails, and other electronic messages.
3. "Agreement" means any contract, arrangement, understanding, or commitment, whether formal or informal, written or oral, and whether or not legally binding, between two or more persons or entities.
4. "East Potomac" means and includes each and all of: East Potomac Golf Links, East Potomac Park, East Potomac Golf Course, Hains Point, and any specific feature or asset contained within East Potomac Park. Any search for records concerning "East Potomac" should encompass, at a minimum, independent searches for "East Potomac," "EPGC," "EPGL," and "Hains."
5. "Lawsuit" refers to *DC Preservation League, et al. v. United States Department of the Interior, et al.*, No. 1:26-cv-477-ACR (D.D.C.).
6. "Foundation" refers to the National Garden of American Heroes Foundation, including but not limited to its officers, directors, employees, agents, contractors, and representatives.
7. "DOI" or "NPS" refers to the U.S. Department of the Interior and the National Park Service, respectively, including their current or former officials, employees, consultants, contractors, and agents.
8. "Categorical Exclusion" refers to the Categorical Exclusion issued by the National Park Service in October 2025, in connection with the placement of material at East Potomac Golf Links.
9. "Relating to" or "Regarding" means consisting of, referring to, reflecting, containing, concerning, describing, discussing, mentioning, or being in any way logically or factually connected with the matter described.
10. "You" or "Your" means the National Links Trust, including but not limited to its officers, directors, employees, agents, contractors, and representatives.
11. The use of the singular includes the plural, and the use of the plural includes the singular. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.
12. Unless otherwise specified, the Relevant Time Period for these requests is January 1, 2024, through the present.

<u>Instructions</u>

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 45.
2. These Requests shall be deemed continuing and require supplemental responses to the extent You obtain further relevant information after Your initial response.
3. Each Request solicits all information available to You or obtainable from Your employees, agents, or representatives, past and present.
4. If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.
5. If any Document or Communication is withheld because of a claim of privilege (including the work-product doctrine), You shall identify the factual and legal bases for the assertion of such privilege with particularity.
6. Each Request herein should be construed independently. No Request shall be read as limiting any other Request.
7. To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.
8. If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.
9. Each Document and Communication is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant, non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.
10. Produced Documents, Communications, and things should be numbered sequentially with "Bates numbering."
11. If any Documents or Communications are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents or Communications were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.
12. If no Documents, Communications, or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

<u>Requests</u>

<u>Request No. 1</u>: All Documents and Communications Relating to the termination of Your 50-year lease agreement with NPS in December 2025, including any documents reflecting the terms or conditions of that termination.

11

Request No. 2: All Documents and Communications Relating to the negotiation or execution of the Agreement referenced in Secretary Burgum's May 8, 2026 announcement, from August 1, 2025 to present.

Request No. 3: All Documents and Communications Relating to East Potomac or Washington National Golf Course between you and Doug Burgum or William Doffermyre from August 1, 2025 to present.

Request No. 3: All Documents and Communications with Tom Fazio or Fazio Design Related to East Potomac.

Request No. 4: All Documents and Communications with the Foundation, Meredith O'Rourke, or the O'Rourke Group concerning the financing of, implementation of, or otherwise Regarding, the renovation, development, maintenance, or design of any portion of East Potomac.

Request No. 5: All Documents and Communications Relating to any plan or proposal to renovate, redesign, or develop any portion of East Potomac.

Request No. 6: All Documents and Communications Relating to the Categorical Exclusion issued on October 16, 2025 in connection with the placement of fill material at East Potomac, including Your assessments of the Categorical Exclusion and any communications with federal officials regarding its scope, adequacy, or compliance.

Request No. 7: All Documents and Communications Relating to the delivery, receipt, or disposal of fill material or demolition debris at East Potomac beginning August 1, 2025, including all Communications with Clark Construction and all Documents reflecting Your awareness of testing conducted Related to the fill material or demolition debris.

Request No. 8: All Documents and Communications Relating to the Assessment of Actions Having an Effect on Historic Properties issued on October 16, 2025 in connection with the placement of fill material at East Potomac, including Your assessments of the Assessment and any Communications with federal officials regarding its scope, adequacy, or compliance.

Request No. 9: All Documents and Communications Relating to any stockpiling of fill material at East Potomac.

Request No. 10: All Documents and Communications Relating to the reported closure of East Potomac on or around May 4, 2025, irrespective of whether such Documents and Communications were created before or after said date.

Request No. 11: All Documents and Communications Relating to non-routine maintenance at East Potomac since December 30, 2025, including but not necessarily limited to trees or the field house.

12

**Third-Party Subpoena to Clark Construction to Produce Documents**

Definitions

1. "Document" or "Documents" means all written, printed, typed, recorded, graphic, photographic, or electronically stored information of any kind, whether in original, draft, or copy form. "Documents" include but are not limited to: letters, correspondence, emails and attachments, memoranda, notes, reports, studies, invoices, contracts, agreements, logs, and manuals; sketchings, photographs, drawings, illustrations, routings, blueprints, or the like; electronically stored information including instant messages, text messages, voicemail, data stored on servers, hard drives, cloud storage, and social media; photographs, videos, and audio and video recordings; and databases, spreadsheets, and metadata in any format, including in native electronic format.
2. "Communication" or "Communications" means any transmission or exchange of information, ideas, or data between two or more persons or entities, whether in writing, orally, or by any other means, including but not limited to face-to-face conversations, telephone calls, voicemails, letters, emails, and other electronic messages.
3. "Agreement" means any contract, arrangement, understanding, or commitment, whether formal or informal, written or oral, and whether or not legally binding, between two or more persons or entities.
4. "East Potomac" means and includes each and all of: East Potomac Golf Links, East Potomac Park, East Potomac Golf Course, Hains Point, and any specific feature or asset contained within East Potomac Park.  Any search for records concerning "East Potomac" should encompass, at a minimum, independent searches for "East Potomac," "EPGC," "EPGL," and "Hains."
5. "Lawsuit" refers to *DC Preservation League, et al. v. United States Department of the Interior, et al.*, No. 1:26-cv-477-ACR (D.D.C.).
6. "Foundation" refers to the National Garden of American Heroes Foundation, including but not limited to its officers, directors, employees, agents, contractors, and representatives.
7. "DOI" or "NPS" refers to the U.S. Department of the Interior and the National Park Service, respectively, including their current or former officials, employees, consultants, contractors, and agents.
8. "Categorical Exclusion" refers to the Categorical Exclusion issued by the National Park Service in October 2025, in connection with the placement of material at East Potomac Golf Links.
9. "Relating to" or "Regarding" means consisting of, referring to, reflecting, containing, concerning, describing, discussing, mentioning, or being in any way logically or factually connected with the matter described.
10. "You" or "Your" means Clark Construction, including but not limited to its officers, directors, employees, agents, contractors, subcontractors, and representatives.
11. The use of the singular includes the plural, and the use of the plural includes the singular. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.
12. Unless otherwise specified, the Relevant Time Period for these requests is January 1, 2024, through the present.

13

<u>Instructions</u>

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 45.

2. These Requests shall be deemed continuing and require supplemental responses to the extent You obtain further relevant information after Your initial response.

3. Each Request solicits all information available to You or obtainable from Your employees, agents, or representatives, past and present.

4. If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5. If any Document or Communication is withheld because of a claim of privilege (including the work-product doctrine), You shall identify the factual and legal bases for the assertion of such privilege with particularity.

6. Each Request herein should be construed independently. No Request shall be read as limiting any other Request.

7. To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.

8. If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

9. Each Document and Communication is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant, non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.

10. Produced Documents, Communications, and things should be numbered sequentially with "Bates numbering."

11. If any Documents or Communications are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents or Communications were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.

12. If no Documents, Communications, or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

<u>Requests</u>

<u>Request No. 1</u>: All Documents and Communications Relating to Your retention or provision of services to transport dirt and any other material to East Potomac.

14

Request No. 2: All site analyses, plans, or other Documents Regarding the location, creation, maintenance, or containment of the pile of stockpiled dirt at East Potomac.

Request No. 3: Documents sufficient to ascertain the nature, size, and location of any barrier under the pile of stockpiled dirt at East Potomac.

Request No. 4: Documents sufficient to identify and describe any other purported mitigation measures implemented to insulate the pile of stockpiled dirt at East Potomac and/or to limit contamination of East Potomac from the pile of stockpiled dirt, its contents, or any other debris You delivered to East Potomac.

Request No. 5: All site analyses, plans, or other Documents Regarding the location, creation, maintenance, or removal of the access road or haul road at East Potomac.

Request No. 6: All Documents, including Record Drawings and photographs, demonstrating the growth of the dirt pile at East Potomac.

Request No. 7: Documents sufficient to identify the certified asbestos professional or industrial hygienist who performed, oversaw, or otherwise managed the asbestos testing for the material comprising the stockpiled dirt at East Potomac.

Request No. 8: Documents sufficient to identify the certified lead risk assessor or industrial hygienist who performed, oversaw, or otherwise managed the lead testing for the material comprising the stockpiled dirt at East Potomac.

15

**Third-Party Subpoena to Jacobs Engineering to Produce Documents**

Definitions

1. "Document" or "Documents" means all written, printed, typed, recorded, graphic, photographic, or electronically stored information of any kind, whether in original, draft, or copy form. "Documents" include but are not limited to: letters, correspondence, emails and attachments, memoranda, notes, reports, studies, invoices, contracts, agreements, logs, and manuals; sketchings, photographs, drawings, illustrations, routings, blueprints, or the like; electronically stored information including instant messages, text messages, voicemail, data stored on servers, hard drives, cloud storage, and social media; photographs, videos, and audio and video recordings; and databases, spreadsheets, and metadata in any format, including in native electronic format.
2. "Communication" or "Communications" means any transmission or exchange of information, ideas, or data between two or more persons or entities, whether in writing, orally, or by any other means, including but not limited to face-to-face conversations, telephone calls, voicemails, letters, emails, and other electronic messages.
3. "Agreement" means any contract, arrangement, understanding, or commitment, whether formal or informal, written or oral, and whether or not legally binding, between two or more persons or entities.
4. "East Potomac" means and includes each and all of: East Potomac Golf Links, East Potomac Park, East Potomac Golf Course, Hains Point, and any specific feature or asset contained within East Potomac Park. Any search for records concerning "East Potomac" should encompass, at a minimum, independent searches for "East Potomac," "EPGC," "EPGL," and "Hains."
5. "Lawsuit" refers to *DC Preservation League, et al. v. United States Department of the Interior, et al.*, No. 1:26-cv-477-ACR (D.D.C.).
6. "Foundation" refers to the National Garden of American Heroes Foundation, including but not limited to its officers, directors, employees, agents, contractors, and representatives.
7. "DOI" or "NPS" refers to the U.S. Department of the Interior and the National Park Service, respectively, including their current or former officials, employees, consultants, contractors, and agents.
8. "Categorical Exclusion" refers to the Categorical Exclusion issued by the National Park Service in October 2025, in connection with the placement of material at East Potomac Golf Links.
9. "Relating to" or "Regarding" means consisting of, referring to, reflecting, containing, concerning, describing, discussing, mentioning, or being in any way logically or factually connected with the matter described.
10. "You" or "Your" means Jacobs Engineering, including but not limited to its officers, directors, employees, agents, contractors, subcontractors, and representatives.
11. The use of the singular includes the plural, and the use of the plural includes the singular. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.
12. Unless otherwise specified, the Relevant Time Period for these requests is January 1, 2024, through the present.

16

<u>Instructions</u>

1.  In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 45.

2.  These Requests shall be deemed continuing and require supplemental responses to the extent You obtain further relevant information after Your initial response.

3.  Each Request solicits all information available to You or obtainable from Your employees, agents, or representatives, past and present.

4.  If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5.  If any Document or Communication is withheld because of a claim of privilege (including the work-product doctrine), You shall identify the factual and legal bases for the assertion of such privilege with particularity.

6.  Each Request herein should be construed independently. No Request shall be read as limiting any other Request.

7.  To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.

8.  If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

9.  Each Document and Communication is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant, non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.

10. Produced Documents, Communications, and things should be numbered sequentially with "Bates numbering."

11. If any Documents or Communications are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents or Communications were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.

12. If no Documents, Communications, or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

<u>Requests</u>

<u>Request No. 1</u>: All site analyses, plans, or other Documents Regarding the location, creation, maintenance, or containment of the pile of stockpiled dirt at East Potomac.

17

Request No. 2: All site analyses, plans, or other Documents Regarding the location, creation, maintenance, or removal of the access road or haul road at East Potomac.

Request No. 3: Documents sufficient to ascertain the methodology used for the background threshold calculation of contaminant levels at East Potomac, including, but not limited to, the number of samples used as the basis for the calculation, the locations from which those samples were taken, and the dates on which those samples were taken.

Request No. 4: Documents sufficient to ascertain the manner and locations in which testing samples were retained, stored, and transported before laboratory assessment, including, but not limited to, temperature, light exposure, and length of time from collection to assessment.

Request No. 5: All Documents, including Record Drawings and photographs, demonstrating the growth of the pile of stockpiled dirt at East Potomac.

Request No. 6: All laboratory reports or other testing reports provided to You or created by you and containing descriptions of testing methodology or analysis of samples drawn from East Potomac, including, but not limited to, the pile of stockpiled dirt, the access road or haul road, and background samples.

Request No. 7: Documents sufficient to identify the date by which You first received contaminant testing results from a laboratory for the stockpiled dirt at East Potomac for the samples that You collected, including Documents sufficient to identify the specific tested-for contaminants in these results.

Request No. 8: Documents sufficient to identify the date You first sent or otherwise gave the samples You collected for contaminant testing for the stockpiled dirt at East Potomac to a laboratory to conduct contaminant testing on the same, including Documents sufficient to identify the specific contaminants for which the laboratory was testing.

Request No. 9: Documents sufficient to identify the name and location of all laboratories or other facilities which conducted testing on samples that You collected from East Potomac.

Request No. 10: Documents sufficient to identify the certified asbestos professional or industrial hygienist who performed, oversaw, or otherwise managed the asbestos testing for the material comprising the stockpiled dirt at East Potomac.

Request No. 11: Documents sufficient to identify the certified lead risk assessor or industrial hygienist who performed, oversaw, or otherwise managed the lead testing for the material comprising the stockpiled dirt at East Potomac.

18