**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) Case No. 1:26-cv-477-ACR |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE INTERIOR, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

---

**MOTION OF THE WALTER J. TRAVIS SOCIETY FOR LEAVE
TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS**

Pursuant to Local Civil Rule 7(o), The Walter J. Travis Society (the "Society"), through undersigned counsel, respectfully moves the Court for leave to file the accompanying brief as *amicus curiae* in support of Plaintiffs' opposition to Defendants' motion to dismiss. The proposed brief accompanies this motion. In support, the Society states as follows.

1. **The Society's Interests Are at Stake**

The Society is a nonprofit organization founded in 1994 to document, preserve, and promote the legacy of Walter J. Travis, a three-time United States Amateur champion, golf journalist, turfgrass authority, and one of the most consequential golf course architects of the sport's Golden Age. The Society's membership comprises golf historians, architects, restoration practitioners, and devotees of classic course design across the country. Its mission is to protect, restore, and archive Travis's surviving work.

Travis designed the East Potomac Park golf course in 1917. The Society holds and has studied copies of Travis's original hole drawings for the course, including the reversible plans. Much of the rest of his design is in the public record, and the agency's own inventory catalogs

1

Travis-era drawings on file at its regional office. The Society brings both the documents and the expertise to read them. The Society's members travel to the District each year to play East Potomac's historic routing. The Society therefore has a direct, longstanding, and scholarly interest in how this Court's decision affects one of the comparatively few surviving Travis courses, and the only one of its kind open to the public in the Nation's capital.

2. **<u>Why an Amicus Brief Is Desirable, and Why the Society's Position Is Not Adequately Represented.</u>**

Under Rule 7(o)(2), an *amicus* brief is desirable when it supplies the Court with relevant matter the parties have not. As discussed more fully in the accompanying brief, the Society offers exactly that. Plaintiffs have ably explained why East Potomac Park is historically significant and why Defendants' threshold defenses fail. The Society writes not to repeat those arguments but to add a perspective the parties cannot supply: the specialized architectural and archival record of Travis's design, and what that record means for the legal questions before the Court. In particular, the Society can show that the agency's own cultural-landscape studies document the design and set the standard the challenged findings must meet, a connection the parties have not drawn.

Its perspective bears directly on the merits. The agency's own records, its 2017 Cultural Landscapes Inventory and 2019 Cultural Landscape Report, document Travis's design in detail, find that the course retains its historic integrity, and prescribe how any change should be made. The Society can place that record before the Court and explain it: what Travis designed, how the agency's own studies treat it, and what those studies require. That architectural and archival perspective bears on whether the agency's "no adverse effect" and categorical-exclusion findings can be squared with the design the agency itself has documented. No party is positioned to supply it.

The Society takes no other position than to address only the rule of law and the standards that govern the stewardship of this historic property. Its brief is confined to issues already raised by the parties and is limited to bringing the Court information it would not otherwise have.

### 3. Position of the Parties and Compliance with Rule 7(o)

Counsel for the Society conferred with the parties regarding this motion. Plaintiffs consent to the filing. Defendants take no position the filing. The proposed *amicus* brief accompanies this motion, does not exceed 25 pages, and conforms to Local Civil Rule 5.4 and the content requirements of Federal Rule of Appellate Procedure 29(c)(1)–(6). A proposed order is submitted herewith. This motion is filed in a timely manner and will not delay the Court's ability to rule on the pending motion to dismiss.

### Conclusion

For these reasons, the Society respectfully requests that the Court grant leave to file the accompanying brief as *amicus curiae* in support of Plaintiffs.

Dated: June 29, 2026                               Respectfully submitted,

/s/ Patricia D. Ryan
Patricia D. Ryan (Bar No. 296053)
Law Office of Patricia D. Ryan
6106 Harvard Avenue, P.O. Box 633
Glen Echo, MD 20812
240-481-6284
patriciaryan@pdrlaw.com
Counsel for *Amicus Curiae* Walter J. Travis Society

3