**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-477-ACR |

**DEFENDANTS' RESPONSE TO THE COURT'S JULY 6, 2026, MINUTE ORDER**

On July 2, 2026, the Court heard argument on Plaintiffs' Motion for Stay Or, in the Alternative, Preliminary Injunction, Dkt. No. 8, Defendants' Motion to Dismiss, Dkt. No. 34, and Plaintiffs' Motion for Expedited Discovery, Dkt. No. 51. Afterward, on July 6, 2026, the Court entered a minute order directing Defendants to respond to certain questions and for the Parties to meet and confer regarding proposed language for an interim preservation protocol governing activities at the East Potomac Golf Course.

Defendants respectfully object to the Court's request for further factual development in this matter. For the reasons stated in Defendants' Memorandum in Support of Motion to Dismiss, Dkt. No. 34-1, Reply Memorandum in Support, Dkt. No. 57, and Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Expedited Discovery, Dkt. No. 54, further factual development is without legal basis and unwarranted. The allegations in Plaintiffs' Complaint, Dkt. No. 5-1, and in subsequent declarations, fail to establish that Plaintiffs suffered

1

any concrete, particularized, and actual or imminent injury sufficient to show standing at the time of filing their Complaint. The Court may reach that conclusion on the facts alleged and is therefore without jurisdiction to engage in further factual development or discovery. Even if the Court were to determine Plaintiffs had alleged facts sufficient to show standing and that the Court had subject matter jurisdiction, further factual development is unnecessary. Plaintiffs' allegations fail to establish final agency action under the Administrative Procedure Act and otherwise fail to state a claim. The Court's inquiries can neither cure Plaintiffs' lack of standing at the time of filing their Complaint nor the lack of final agency action and other defects inherent in Plaintiffs' allegations.

Even so, to assist the Court in its determinations and bring prompt resolution to this matter, subject to the objections noted above, Defendants provide the following responses to the Court's questions below:

**1.      Has the Secretary of the Interior or any other high-ranking official made any statements or given any directives to anyone at the Agency--oral or written--concerning the President's statement that they will begin "build[ing] one of the Greatest Golf Courses in the world" by September 1, 2026? Donald J. Trump, Truth Social (June 28, 2026, 2:42 PM), https://truthsocial.com/@realDonaldTrump/posts/116829203090822692**

Defendants' Response: No. Consistent with the Supplemental Declaration of Jessica Bowron ¶ 8, Dkt. No. 38-2, prior to the President's June 28, 2026, statement, NPS received guidance from the Secretary of the Interior that NPS should pursue managing and executing a renovation of East Potomac Golf Course under its own authority. Pursuant to that authority, NPS continues to develop possible target dates and proposed compliance schedules for the potential redesign of East Potomac Golf Course. NPS has not received any additional directive from Secretary Burgum or other high-ranking officials following the President's statement.

**2.      On what date did Clark Construction conduct testing on the excavated soil, and when did NPS receive the results? See Dkt. 38-1 at 2-3 (Nersesian Decl.)**

Defendants' Response: Clark Construction began testing excavated soil on October 17, 2025.[1]  Those results did not indicate evidence of contamination and Clark Construction began placing the tested soil at the prepared stockpile site on October 20, 2025.  *See supra* n.1; Nersesian Decl. ¶ 29, Dkt. 26-1.  Defendants began receiving those testing results on October 31, 2025.[2]

**3.      Which individuals from the Agency accompanied President Trump during the site visit?**

Defendants' Response:  Doug Burgum, Secretary of the Interior; Gregory Wischer, Deputy Chief of Staff-Policy to the Secretary of the Interior; and Frank Lands, NPS Deputy Director for Operations.

**4.      Who created the conceptual renderings reviewed at that visit, and who currently possesses or maintains those renderings?**

Defendants' Response:  On information and belief, the conceptual renderings were created by Fazio Design.  Defendants have received copies of those renderings from Fazio Design, but the renderings and their associated intellectual property rights are in the possession of and maintained by Fazio Design.

In addition, on July 16, 2026, counsel for Defendants and counsel for Plaintiffs met and conferred regarding a potential interim site preservation protocol per the Court's instructions.

---

[1] *See* 2025.10.31 Soil Test Correspondence.pdf, Soil Testing Data – Clark Construction, https://parkplanning.nps.gov/document.cfm?parkID=463&projectID=133318&documentID=150919.  In April 2026, Clark's testing results were made publicly available on NPS's webpage for the project.  *See* Nersesian Decl. ¶ 9, Dkt. No. 38-1.

[2] *Supra* n.1.

Those discussions remain on-going.  The Parties will continue to meet and confer and will promptly submit the product of those discussions via separate filing.

Respectfully submitted this 17th day of July 2026.

**ADAM R. F. GUSTAFSON**

Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Michael K. Robertson*

MICHAEL K. ROBERTSON
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202)-305-9609
Email: Michael.Robertson@usdoj.gov

*Attorneys for Federal Defendants*