**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>*vs.*<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-477 |

**PROPOSED BRIEFING SCHEDULES**

Pursuant to the Court's August 13, 2026 Order, the parties have met and conferred regarding a briefing schedule to govern further proceedings in light of Plaintiffs' intent to file an amended and supplemental complaint. Despite those efforts, the parties have been unable to agree and therefore jointly submit this notice, which contains separate proposals for a briefing schedule.

Plaintiffs' Proposal

As indicated in their August 18 Notice, ECF No. 64, Plaintiffs intend to file an amended and supplemental complaint. First, Plaintiffs intend to seek leave to amend and supplement the complaint to account for the "[s]ubstantial developments [that] have occurred since Plaintiffs filed their . . . Complaint." Minute Order, Aug. 13, 2026. Second, Plaintiffs expect to seek leave to amend and supplement the complaint to plead additional facts or claims that Plaintiffs anticipate could arise (in part) out of the steps Defendants have said they plan to take in alleged compliance with the National Environmental Policy Act, National Historic Preservation Act, and other legal obligations.

If the Court wishes or intends to resolve the issues raised in the pending motion to dismiss before Defendants have completed these ostensible legal compliance steps, Plaintiffs would propose to supplement their complaint to account for developments that have occurred since the filing of the complaint by September 10, with Defendants' answer or motion to dismiss to be filed by September 17, Plaintiffs' opposition to be filed by September 24, and Defendants' reply to be filed by October 1. Plaintiffs note, however, that a supplemental complaint filed before Defendants complete e their intended compliance is very likely to be superseded soon after filing by a further amended complaint that Plaintiffs would anticipate filing after Defendants' completion of their legal compliance steps. To conserve the resources of the parties and the Court, the Court should therefore consider the following alternative approach.

Defendants have represented that before they break ground on the overhaul of East Potomac Golf Course ("EPGC"), they will undertake several specific legal compliance actions. *See* ECF No. 26-4 (Bowron Declaration) ¶¶ 14-21. Among other steps, Defendants maintain that: (1) the National Park Service ("NPS") will undertake compliance with the National Environmental Policy Act, including through the "likely" preparation of an environmental assessment or environmental impact statement, *id.* ¶ 18; (2) NPS will undertake National Historic Preservation Act consultations, *id.* ¶ 19; (3) NPS will prepare a non-impairment determination under the National Park Service Organic Act, *id.* ¶ 21; and (4) NPS will seek approval by the National Capital Planning Commission ("NCPC"), *id.* ¶¶ 16, 22; *see also* Email from Michael Robertson to Will Bardwell (Aug. 6, 2026) (attached as Exhibit A) ("NPS must secure final approval from NCPC before construction of a proposed redesign can begin.").

Plaintiffs anticipate that Defendants' completion of these steps will give rise to additional facts and arguments concerning the adequacy of Defendants' compliance with NEPA, the

NHPA, and other statutory and regulatory requirements (and potentially new claims for relief). Consequently, although Plaintiffs could file a supplemental complaint now that takes account of the developments that have occurred to date and commence renewed motions practice immediately on the basis of that supplemental complaint, doing so would be inefficient because Plaintiffs would expect to file a further amended complaint after Defendants have completed the legal compliance steps identified above. That further complaint would supersede any supplemental complaint and briefing filed in the meantime. For example, Defendants have proposed a briefing schedule under which a motion to dismiss a supplemental complaint would not be fully briefed and heard by the Court until November 2026. Defendants have indicated, however, that they are undertaking to complete their legal compliance steps much sooner than that. *See* 7/2/2026 Hrg. Tr. 8:20-8:21 ("NPS and Interior are now trying to meet" a September start date for construction at East Potomac). Even assuming some delay arises in that process, or even under a more abbreviated briefing schedule, it is highly likely that Plaintiffs would seek leave to file another complaint addressing those legal compliance steps before briefing on a motion to dismiss the supplemental complaint has been completed. Moreover, while filing a supplemental complaint now would likely lead to further litigation over Defendants' contention that Plaintiffs' claims are premature (a contention Plaintiffs emphatically reject), Defendants' completion of the legal compliance steps identified above would substantially obviate that issue.

To conserve the resources of both the Court and the parties, the Court should accordingly enter a schedule that will avoid the need for serial complaints and briefing cycles and instead allow the parties and the Court to address all the claims and issues once, with appropriate expedition. If the Court is amenable to this alternative, Plaintiffs propose that:

1) The Court require Defendants to give notice to the Court and Plaintiffs ("Notice") within 24 hours after Defendants' completion or decision to forgo (1) preparation of an environmental assessment or environmental impact statement; (2) National Historic Preservation Act consultations; (3) preparation of an NPS Organic Act non-impairment determination; and (4) obtaining NCPC approval.

2) Plaintiffs be required to file their amended and supplemental complaint and a renewed motion for preliminary relief, if any, within seven days after Defendants provide the Notice.

3) Defendants be required to file any motion to dismiss and oppose any motion for preliminary relief within seven days after Plaintiffs file the amended and supplemental complaint and motion for preliminary relief.

4) Plaintiffs be required to reply in support of their motion for preliminary relief and oppose any motion to dismiss within seven days of Defendants' opposition and motion to dismiss.

5) Defendants be required to reply in support of their motion to dismiss within seven days of Plaintiffs' opposition.

Plaintiffs would further request that the Court set a hearing at its earliest convenience after the conclusion of briefing.

Should the Court adopt Plaintiffs' suggested alternative approach, Plaintiffs would not oppose holding the case in abeyance pending the Defendants' Notice.[1] Other courts in this

---

[1] Because Plaintiffs are relying on Defendants' representations that Defendants will ostensibly undertake numerous legal compliance steps before breaking ground, Plaintiffs believe it would be appropriate for the Court to maintain its request that Defendants notify the Court and Plaintiffs beforehand and allow a reasonable time for resolution of a motion for emergency relief if they decide to break ground before those steps are completed.

district and elsewhere have stayed or held actions in abeyance in anticipation of subsequent government actions, thus avoiding inchoate and inefficient interim litigation. *See, e.g.*, *Nat'l PFAS Contamination Coal. v. U.S. Env't Prot. Agency*, No. CV 22-132 (JDB), 2023 WL 22078, at *3-5 (D.D.C. Jan. 3, 2023); *Oceana, Inc. v. Bryson*, No. CV 08-1881 (PLF), 2012 WL 13060013 (D.D.C. Mar. 22, 2012); Order, *PEER v. Trump*, No. CV 25-260, ECF 44 (D.Md. July 2, 2025). To keep the parties and the Court informed as to the likely timing of Defendants' required Notice, Plaintiffs propose that, if the Court adopts this alternative schedule, the Court should require Defendants to file periodic status reports indicating their progress and timing on the legal compliance steps they have said they plan to undertake. In the interim, Plaintiffs would reserve the right to seek emergency relief if it becomes necessary due to factual developments.

<u>Defendants' Proposal</u>

Defendants maintain that this Court lacks jurisdiction, and object to any further proceedings until the Court has assured itself of its jurisdiction and ruled on Defendants' Motion to Dismiss. Dkt. No. 34. For the reasons presented in earlier briefing, Defendants' Motion to Dismiss should be granted, and both Plaintiffs' Motion to Stay Or, in the Alternative, Preliminary Injunction, Dkt. No. 8, and Motion for Expedited Discovery, Dkt. No. 51, should be denied. *See* Mem. in Opp'n, Dkt. No. 26; Mot. to Dismiss & Mem. in Supp., Dkt. No. 34, Mem. in Opp'n, Dkt. No. 53. Any amendment or supplementation of Plaintiffs' Complaint is not warranted.

Defendants understand Plaintiffs' position to be that they do not, in fact, seek to amend or supplement their Complaint *now*; but rather, they seek to secure an option to supplement their Complaint at some unknown date in the future. Plaintiffs' position is indicative of their lack of standing and failure to allege a final agency action. Such an open-ended request to hold this lawsuit

in abeyance—without an initial determination of jurisdiction no less—lacks any basis in the Federal Rules of Civil Procedure and is contrary to core standing principles. As the Supreme Court recently reiterated, when it comes to executive branch directives—whether they direct an agency to pursue certain policies or explore whether and how to redesign a golf course—Article III's concrete injury requirement demands more than alleged future "downstream action that the [agency] '*might* take in the future' to implement [the directive]." *Trump v. California*, Nos. 26A124, 26A139, 2026 WL 2473573, at *2, 609 U.S. ___ (2026) (*per curiam*) (quoting *Trump v. New York*, 592 U.S. 125, 133-34 (2020) (*per curiam*)).

Moreover, amendment or supplementation *now* cannot cure Plaintiffs' standing and final agency action defects because no final agency action has occurred. Assuming NPS ultimately decides to implement a redesign of the East Potomac Golf Course, multiple public-facing steps during that planning and decisionmaking process must first occur (and Plaintiffs will be on notice of those steps) and, therefore, amendment or supplementation is unwarranted. Rather, once all required review processes are concluded and a decision is reached, if a party can show NPS committed legal error and that error has caused it constitutional injury, then, assuming other jurisprudential requirements are met, that party may bring a challenge at that time. Plaintiffs may desire an indefinite period in which to supplement their Complaint and bring new allegations, but Plaintiffs' position *presupposes* legal error in a future agency process and impedes NPS's exercise of its discretion. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 66 (2004) ("The principal purposes of the APA['s] limitations . . . is to protect agencies from undue judicial interference with their lawful discretion . . . .").

For these reasons, Defendants maintain that the Court need not entertain any forthcoming motion for leave to amend or motion to supplement regardless of whether Plaintiffs seek to amend

or supplement their Complaint now or at some unknown date in the future and, accordingly, should dismiss Plaintiffs' claims.

If, however, the Court decides to first entertain a Rule 15 motion from Plaintiffs for leave to amend or to supplement their Complaint, Defendants would propose the following schedule to quickly and efficiently resolve Plaintiffs' motion:

- Sept. 3: Plaintiffs file their Rule 15 Motion and attach their Amended and/or Supplemental Complaint;
- +21 Days: Defendants file a Combined Response in Opposition to the Rule 15 Motion and Renewed Motion to Dismiss;
- +21 Days: Plaintiffs file a Combined Reply in Support of their Rule 15 Motion and Response to Plaintiffs' Renewed Motion to Dismiss;
- +14 Days: Defendants file a Reply in Support of their Renewed Motion to Dismiss;

Defendants also propose that no brief should exceed 20 pages (or fewer as directed by the Court) as the relevant facts and law have been presented and are familiar to all involved.

Respectfully submitted this 27th day of August 2026.

Dated: August 27, 2026 Respectfully Submitted,

*/s/ Will Bardwell*
Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1643213)
Jack Bolen (Bar No. 90031046)
Angela Reilly*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
alowellpublicoutreach@lowellandassociates.com
chayes-deats@lowellandassociates.com
jbolen@lowellandassociates.com
areilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 601-8678
norman@democracydefenders.org
lindsay@democracydefenders.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Michael K. Robertson*
MICHAEL K. ROBERTSON
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Phone 202-598-3835 || Fax 202-305-0506
michael.robertson@usdoj.gov

*Counsel for Defendants*