**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-477-ACR |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to § 7.d. of this Court's Standing Order in Civil Cases, Dkt. No. 10, Defendants respectfully submit this notice of supplemental authority.

On August 31, 2026, the Supreme Court granted the government's stay application in *National Park Service v. National Trust for Historic Preservation in the United States*, No. 26A203, 2026 WL 2564318, 609 U.S. ___ (Aug. 31, 2026) ("*NTHP*"). There, the Supreme Court held that the government was likely to prevail in showing that plaintiff failed to establish Article III standing where plaintiff alleged its member would "suffer 'injuries' to her 'aesthetic, cultural, and historical interests'" from viewing "the finished ballroom the government is constructing." *Id.* at *2. The Court concluded that "Article III standing is unavailable where, as here, the only injury a plaintiff asserts stems from offense, disagreement, or distaste." *Id.*

The Court's decision follows its August 24, 2026, decision granting the government's stay application in *Trump v. California*, Nos. 26A124, 26A139, 2026 WL 2473573, 609 U.S. ___

(2026). *See* Dkt. No. 66 at 6. There, the Court similarly held that plaintiffs lacked standing to challenge "an internal directive from the President to his subordinates mandating that certain agencies pursue certain policies," *id.* at *1, because "[f]ederal courts review final rules, not proposed rules—and certainly not antecedent internal directives to propose a rule," *id.* at *4.

Together, these decisions confirm that no amendment or supplementation is warranted and Plaintiffs' claims must be dismissed because Plaintiffs lack standing and there is no final agency action. The Court's reasoning in *NTHP* applies squarely to Plaintiffs' Plan claims and Landscaping claims: like the *NTHP* plaintiff, they allege "offense, disagreement and distaste" with a potential redesign of East Potomac Golf Course and a soil stockpile. *See* Def.'s Mem. in Supp. of Mot. to Dismiss 9-14, 20-23. But the Court's decision confirms that mere visual displeasure is not sufficient for an Article III injury.[1] And the Court's reasoning in *California* applies squarely to Plaintiffs' Proposal claims brought well in advance of any final agency action. *See id.* 9-17, 28-32.

Respectfully submitted this 2nd day of September 2026.

**ADAM R. F. GUSTAFSON**

Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

*/s/ Michael K. Robertson*

MICHAEL K. ROBERTSON
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice

[1] Other theories of injury are foreclosed for the reasons previously stated.

Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202)-305-9609
Email: Michael.Robertson@usdoj.gov

*Attorneys for Federal Defendants*