**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE,

DAVE ROBERTS,

and

ALEX DICKSON,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR;

DOUG BURGUM, in his official capacity as Secretary of the Interior;

NATIONAL PARK SERVICE;

and

JESSICA BOWRON, in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service,

*Defendants*.

Case No. 1:26-cv-477-ACR

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT

As the Court noted in its Minute Order dated August 13, 2026, "[s]ubstantial developments have occurred since Plaintiffs filed their Complaint" in February. Since that time, Defendants have continued implementing the Washington National plan, even beyond the steps they had completed before the filing of this case. Among other things, they continued dumping refuse, debris, and dirt from the White House East Wing's demolition, despite knowing about its

contamination (Am. & Suppl. Compl. ¶ 91); they selected and engaged a golf course architect to lead the Washington National plan's design and construction phases, *id.* ¶ 99; they unveiled renderings showing the design of their new golf course, *id.*; they began felling trees outside and inside the golf course's perimeter (including a cherry tree), *id.* ¶ 101; they began staging heavy equipment such as bobcats and an excavator adjacent to the golf course, *id.*; the Secretary of the Interior and the President participated in a site tour with the chosen golf course architect, *id.* ¶ 100; and both the Secretary of the Interior and the President confirmed that Defendants have decided to destroy East Potomac Golf Course – a historic, recreational-style golf course listed on the National Register of Historic Places – and to erect on its remains a championship-style course for professional golf tournaments. *Id.* ¶¶ 99-100.

These developments confirm what Plaintiffs have alleged from the beginning: that Defendants adopted and began implementing the Washington National plan in late 2025, and that the plan portends the destruction of a cultural landscape that has been maintained consistent with its historic design for more than a century.

To account for these factual developments and to plead additional causes of action supported by those facts, Plaintiffs hereby seek leave under Rule 15(a) and (d) of the Federal Rules of Civil Procedure to file an amended and supplemental complaint.[1] The proposed Amended and Supplemental Complaint is attached hereto as Exhibit A. A redline comparing it to the original Complaint (ECF 1) is attached as Exhibit B.

---

[1] Plaintiffs anticipate a need to file another amended and/or supplemental complaint as Defendants continue implementing the Washington National plan.

## LEGAL ANALYSIS

By now, the Court well knows the original Complaint's allegations and the undisputed factual developments that have occurred or come to light since Plaintiffs filed suit in February. Some of those developments preceded the Complaint but were unknown to the public or Plaintiffs at that time, and others have occurred in the months since. These are precisely the sorts of situations contemplated by Rule 15(a) and (d), and they support granting Plaintiffs leave to file an Amended and Supplemental Complaint.

Rule 15(a)(2) provides that a party may amend a pleading "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[2] This is a "liberal standard." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, "[a]lthough the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (*abrogated on other grounds by BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215 (2025)).

With regard to factual developments that occurred after the filing of the original Complaint, supplementing a pleading to allege such facts is controlled by Rule 15(d). Like Rule 15(a), Rule 15(d) is permissive and carries with it nearly the same requirements: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "Courts should generally grant leave to supplement unless there is a 'compelling

[2] Defendants declined to consent to an amendment.

reason' to deny the motion, such as 'undue delay, bad faith or dilatory motive . . . , [or] futility of amendment." *van der Stelt v. Georgetown Univ.*, 774 F. Supp. 3d 90, 125 (D.D.C. 2025) (quoting *Firestone*, 76 F.3d at 1208). Otherwise, leave to supplement a pleading should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. C.I.A.*, 437 F.3d 94, 101 (D.C. Cir. 2006) (citation omitted).

Leave should be granted under both of these standards. There has been no undue delay, bad faith, or dilatory motive. Although new developments relevant to Plaintiffs' claims have been constantly evolving, and previously nonpublic developments have continued to come to light, Plaintiffs have refrained thus far from amending solely to avoid the series of multiple amended pleadings that would have been necessary to account for every new development, instead filing notices and conferring with opposing counsel to keep the Court informed of these developments. As the Court has observed, events have now progressed to a point where amendment will best facilitate resolution of the parties' respective motions, and Plaintiffs are accordingly submitting this motion on the schedule agreed to by the parties in accordance with the Court's August 13 Minute Order, Plaintiffs' August 18 notice of intent to amend, and the September 3, 2026, hearing. Plaintiffs also have not previously failed to cure any deficiencies. As the Court's Minute Order rightly indicated, Plaintiffs' need to update their Complaint stems in part from the "[s]ubstantial developments [that] have occurred since Plaintiffs filed their Complaint and Motion to Stay," and in part from the additional causes of action that have become apparent since the filing of the Complaint. And Defendants will suffer no prejudice from allowing the Amended and Supplemental Complaint. The claims and allegations of the

proposed Amended and Supplemental Complaint are nearly identical to those pleaded in the original Complaint, with the addition of (1) new (or newly public) factual developments that are well known to Defendants, (2) new expert analysis of the environmental test results previously published by Defendants, and (3) new causes of action that arise from that same nucleus of operative facts.

Permitting Plaintiffs to file the proposed Amended and Supplemental Complaint will allow the Court to review Plaintiffs' legal claims under the most up-to-date facts available – facts that had not all developed or come to light at the time the Complaint was filed but further confirm the rights to relief sought by the original Complaint. *See Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (Rule 15(d) "is used to set forth new facts that update the original pleading or provide the basis for additional relief [or] to put forward new claims or defenses based on events that took place after the original complaint or answer was filed"). That would be particularly expedient in this case, where Defendants' efforts to implement the Washington National plan have proceeded so quickly and overtly since the filing of the Complaint. Those developments confirm what was already clear: that Defendants have committed to destroying East Potomac Golf Course in violation of the law and illegally dumped toxic debris and took other implementing steps in furtherance of that plan, and that Plaintiffs face ongoing concrete injuries as a result (as well as substantial risk of future injury as Defendants continue implementing their plan). To the extent Defendants continue to dispute the Court's jurisdiction, allowing the proposed Amended and Supplemental Complaint is appropriate to allow the Court to resolve that dispute with the benefit of the most current facts and claims. *See, e.g.*, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35-36 (2025) (holding that where a

plaintiff amends a complaint, subject matter jurisdiction is determined according to the amended pleading).

## CONCLUSION

The Court should grant leave to file the proposed Amended and Supplemental Complaint attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED this Eighteenth day of September 2026.

Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowelland associates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 601-8678
norman@democracydefenders.org

* *pro hac vice*

*/s/ Will Bardwell*
Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*