**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE,

DAVE ROBERTS,

and

ALEX DICKSON,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR;

DOUG BURGUM, in his official capacity as Secretary of the Interior;

NATIONAL PARK SERVICE;

and

JESSICA BOWRON, in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service,

*Defendants*.

Case No. 1:26-cv-477-ACR

**EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, FOR A 14-DAY STAY UNDER SECTION 705 OF THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiffs hereby move the Court to enter a 14-day temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure or, alternatively, for a 14-day stay under 5 U.S.C. § 705.

Despite the Court's admonitions not to "get to a point where someone is telling me, from the government, that it's too late, too many things have happened and now we are, like, moving

forward and we can't, you know, stop the trains," Status Conf. Tr. ("Apr. 13 Tr.") at 18:15-19:10, Apr. 13, 2026, Defendants have begun irreversible damage to East Potomac Golf Course. At 4:55 p.m. on Friday preceding the holiday weekend, Defendants announced their intent to begin—barely 12 hours later—a massive operation to clear 529 trees at East Potomac Golf Course. Decl. of Dr. Kevin Griess, Superintendent of National Mall and Memorial Parks, National Park Service ¶ 20, ECF 74-1. Although they initially represented that their work would proceed in stages, Defendants in fact took down 529 trees on Saturday alone and have confirmed to Plaintiffs that they intend to take down hundreds more.

Defendants' surprise tree-razing operation constitutes classic National Environmental Policy Act segmentation: undertaking elements of a larger project piecemeal and insisting that they are independent and therefore need not be evaluated in a single NEPA review of the entire project. Defendants cannot circumvent their NEPA obligations in this manner. *Delaware Riverkeeper Network v. F.E.R.C.*, 753 F.3d 1304, 1313 (D.C. Cir. 2014).

In the Memorandum filed alongside this Motion, Plaintiffs explain that they satisfy the four requirements governing both stays under 5 U.S.C. § 705 and temporary restraining orders under Rule 65(b) of the Federal Rules of Civil Procedure: Plaintiffs are likely to succeed on the merits, likely to suffer irreparable harm without temporary relief, that the balance of the equities tips in their favor, and that temporary relief is in the public interest. *Global Health Council v. Trump*, 153 F.4th 1, 12 (D.C. Cir. 2025) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

First, Plaintiffs are likely to succeed in showing that Defendants are segmenting their implementation of the Washington National plan and thereby circumventing their NEPA

obligations. 42 U.S.C. § 4332. Plaintiffs also are likely to succeed in showing that Plaintiffs have standing and that Defendants' challenged actions are final agency action reviewable under the APA. 5 U.S.C. § 702. Second, Plaintiffs are likely to suffer irreparable harm without temporary relief. Without relief, Defendants will further alter permanently the land, landscape, trees, setting, and other elements of the human environment in both visible and unseeable ways. Third, the balance of equities and public interest both favor issuing a TRO. "[T]he Government cannot suffer harm from an injunction that merely ends an unlawful practice," *C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 218 (D.D.C. 2020) (cleaned up), and "[t]here is generally no public interest in the perpetuation of unlawful agency action." *Open Cmtys. All. v. Carson*, 286 F. Supp. 3d 148, 179 (D.D.C. 2017) (citing *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)).

Therefore, and for the reasons explained in the Memorandum accompanying this Motion and supporting exhibits, the Court should enter a 14-day temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure or, alternatively, a 14-day stay under 5 U.S.C. § 705, enjoining Defendants from any further tree felling at East Potomac Park. In addition, the Court should order Defendants to provide the Court and Plaintiffs no less than three business days' written advance notice before any irreparable modification to any permanent forms or features of East Potomac Park.

If the Court believes a hearing would be appropriate, Plaintiffs request a hearing on this motion at the Court's first availability. At the parties' meet and confer on Sunday afternoon, Defendants represented that the tree-clearing operation would continue this week until completed. Defendants indicated during the meet and confer that rain foreclosed any work on

Sunday, and that the possibility of doing work on Monday depended on weather and the course's condition. Depending on Defendants' plans, then, it is possible that no work will occur on Monday.

Dated: October 11, 2026

RESPECTFULLY SUBMITTED,

/s/Will Bardwell
Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*

Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org