**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE,

DAVE ROBERTS,

and

ALEX DICKSON,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR;

DOUG BURGUM, in his official capacity as Secretary of the Interior;

NATIONAL PARK SERVICE;

and

JESSICA BOWRON, in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service,

*Defendants*.

Case No. 1:26-cv-477-ACR

**MOTION FOR A PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR A STAY UNDER SECTION 705 OF THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiffs hereby move the Court to enter a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure or, alternatively, for a stay under 5 U.S.C. § 705.

From the moment Plaintiffs filed this suit in February, Defendants have been saying one thing and doing another: insisting that there is no plan to destroy East Potomac Golf Course, but all the while implementing that plan piecemeal. Now Defendants' implementation of that plan has

indisputably begun inflicting irreversible damage to East Potomac Golf Course. At 4:55 p.m. on Friday preceding the holiday weekend, Defendants announced their intent to begin—barely 12 hours later—a massive operation to clear 529 trees at East Potomac Golf Course. Decl. of Dr. Kevin Griess, Superintendent of National Mall and Memorial Parks, National Park Service ¶ 20, ECF 74-1. Although they initially represented that their work would proceed in stages, Defendants in fact took down 529 trees on Saturday alone and later confirmed to Plaintiffs that they intend to take down hundreds more.

Defendants' surprise tree-razing operation constitutes classic National Environmental Policy Act segmentation: undertaking elements of a larger project piecemeal and insisting that they are independent and therefore need not be evaluated in a single NEPA review of the entire project. Defendants cannot circumvent their NEPA obligations in this manner. *Delaware Riverkeeper Network v. F.E.R.C.*, 753 F.3d 1304, 1313 (D.C. Cir. 2014). As this Court observed in entering a temporary restraining order, Defendants also likely failed to comply with NEPA as to the tree-clearing operation itself, as a discrete operation, by improperly relying on inadequate, hastily drafted, and hastily approved categorical exclusions.

In the Memorandum filed alongside this Motion, Plaintiffs explain that they satisfy the four requirements governing both stays under 5 U.S.C. § 705 and temporary restraining orders under Rule 65(b) of the Federal Rules of Civil Procedure: Plaintiffs are likely to succeed on the merits, likely to suffer irreparable harm without preliminary relief, the balance of the equities tips in their favor, and interim relief is in the public interest. *Global Health Council v. Trump*, 153 F.4th 1, 12 (D.C. Cir. 2025) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

First, Plaintiffs are likely to succeed in showing that Defendants have failed to take the "hard look" that NEPA requires. 42 U.S.C. § 4332. Plaintiffs also are likely to succeed in showing that Plaintiffs have standing and that Defendants have reached final agency action reviewable under the APA. 5 U.S.C. § 702. Second, Plaintiffs are likely to suffer irreparable harm without temporary relief. Without relief, Defendants will further alter permanently the land, landscape, trees, setting, and other elements of the human environment in both visible and unseeable ways. Third, the balance of equities and public interest both favor a preliminary injunction. "[T]he Government cannot suffer harm from an injunction that merely ends an unlawful practice," *C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 218 (D.D.C. 2020) (cleaned up), and "[t]here is generally no public interest in the perpetuation of unlawful agency action." *Open Cmtys. All. v. Carson*, 286 F. Supp. 3d 148, 179 (D.D.C. 2017) (citing *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)).

Therefore, and for the reasons explained in the Memorandum accompanying this Motion, Plaintiffs respectfully request that the Court enter a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure or, alternatively, a stay under 5 U.S.C. § 705, enjoining Defendants from any further tree felling at East Potomac Park. In addition, Plaintiffs respectfully request that the Court order Defendants to provide the Court and Plaintiffs no less than three business days' written advance notice before any irreparable modification to any permanent forms or features of East Potomac Park.

Dated: October 14, 2026

RESPECTFULLY SUBMITTED,

/s/Will Bardwell

Abbe David Lowell (Bar No. 358651)

Will Bardwell (Bar No. 90006120)

Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowelland
associates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org

Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*