**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE,

DAVE ROBERTS,

and

ALEX DICKSON,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR;

DOUG BURGUM, in his official capacity as Secretary of the Interior;

NATIONAL PARK SERVICE;

and

JESSICA BOWRON, in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service,

*Defendants*.

Case No. 1:26-cv-477-ACR

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiffs seek leave to amend and supplement their complaint to account for developments since February showing that Defendants have adopted and continue to implement the Washington National Plan. *See* Rule 15 Mot. at 1-2, ECF 72. Specifically, Plaintiffs propose to add to their original complaint: (1) allegations based upon factual developments that occurred after the filing of the original complaint, (2) new claims for relief, including claims that would bar implementation

of the Washington National plan regardless of whether Defendants undertake required legal compliance; and (3) several additional allegations, based on two appended expert reports, addressing contamination in, and Defendants' inadequate testing related to, the stockpiled debris Defendants dumped on East Potomac Golf Course.

In their opposition, Defendants ask the Court to reconsider their denied motion to dismiss and seemingly imply that Plaintiffs' amendment would be futile. Defs' Combined Response at 2, ECF 75. Neither position has merit. Rule 15 calls for leave to be freely given, and Defendants do not claim undue delay, bad faith, or prejudice. *Id.* at 3-5. Contrary to Defendants' arguments, Plaintiffs have adequately pleaded injury and final agency action in both the original complaint and the proposed amended and supplemental complaint.

For these reasons, and in light of the expedited schedule the Court set for Plaintiffs' motion for preliminary injunction, *see* Oct. 12, 2026, Minute Order, Plaintiffs respectfully request that the Court grant Plaintiffs' Rule 15 motion forthwith.

## PROCEDURAL BACKGROUND

Plaintiffs filed their complaint on February 13, 2026, ECF 1. On several occasions between February and July 2026, Plaintiffs sought preliminary relief, s*ee* Mot. to Stay or for a Preliminary Injunction, ECF 8; Defs' Opp., ECF 26; Emergency Mot. for Status Conference re Mot. to Stay/for Preliminary Injunction, ECF 47; Defs' Opp., ECF 48, and filed notices of factual developments, *see* ECF 49, 50, 58. In April, Defendants moved to dismiss the complaint, ECF 34.

In the wake of these and other proceedings, the Court issued an August 13, 2026 Minute Order finding that "[s]ubstantial developments ha[d] occurred since Plaintiffs filed their Complaint and Motion to Stay" that had left the then-operative complaint "outdated." The Court therefore instructed Plaintiffs to advise the Court whether they intended to file an amended complaint, which

Plaintiffs did on August 18, 2026, ECF 64. Following additional proceedings, on September 14, 2026, the parties filed a Joint Proposed Briefing Schedule, which the Court affirmed in a September 21, 2026, Minute Order.

Consistent with that scheduling order, Plaintiffs filed a Rule 15 motion on September 18, 2026, accompanied by a proposed amended and supplemental complaint, ECF 72. *See also* ECF 72-1 (proposed pleading).

On October 9, 2026, Defendants filed their opposition to Plaintiffs' motion in combination with a motion for summary judgment, ECF 75, and without a motion to dismiss. Plaintiffs' combined response to Defendant's motion for summary judgment and reply in support of their Rule 15 motion is currently due by October 30, 2026, and Plaintiffs will respond to the motion for summary judgment in due course. However, in light of this Court's October 12 Minute Order, directing Plaintiffs to file their motion for preliminary injunction by October 14, 2026 at 12:00 pm, Plaintiffs hereby file their reply in support of their Rule 15 motion to enable a ruling on that motion ahead of the Court's consideration of the motion for preliminary injunction.

## **ARGUMENT**

"Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants return to stale

arguments to suggest by implication that any amendment is futile, but those arguments are as unavailing now as when Defendants first made them.

Defendants' opposition to Plaintiffs' Rule 15 motion advances, without new discussion, only two reasons not to accept Plaintiffs' proposed complaint: 1) incorporation by reference of the arguments Defendants made in their prior motion to dismiss, ECF 34, that the Court lacks subject matter jurisdiction, and 2) an argument that the proposed complaint fails to correct jurisdictional and merits deficiencies contained in the original complaint. Defs' Combined Response at 2, ECF 75 ("Defendants respond to Plaintiffs['] Motion for Leave on two grounds.").

Defendants' opposition here is, in practice, a motion to reconsider the denial of the motion to dismiss but raises nothing this Court has not already considered. *Id.* ("the Court should reconsider its [order] denying Defendants' motion" to dismiss). Plaintiffs have already explained that Defendants' arguments in their motion to dismiss "distort Plaintiffs' claims and recast allegations to fit arguments that do not apply here." Pls.' Opp. to Mot. to Dismiss at 10, ECF 53. Plaintiffs' original opposition to that motion stands on its own and applies equally to Defendants' renewal of the same flawed arguments.

Further, Plaintiffs have adequately alleged both standing and final agency action from the start, and the proposed amended complaint only strengthens those allegations. Plaintiffs allege that the debris Defendants dumped on the Course is not merely unsightly but threatens their health and interferes with their recreational use of the Course. Decl. of Alex Dickson ¶ 22, ECF 8-4; Decl. of Dave Roberts ¶¶ 23, 24, ECF 8-6. Plaintiffs play East Potomac regularly, and they allege that Defendants' implementation of the Washington National plan diminishes their recreational

and aesthetic use of the Course and will curtail it. Mem. Op. at 10-11, ECF 79 (citing declarations); *see also* Pls.' Opp. to Mot. to Dismiss at 13-16, ECF 53.

Plaintiffs allege that Defendants adopted the Washington National plan in late 2025 and began carrying it out, including by dumping the debris onto East Potomac Golf Course with only a CatEx as purported compliance. Proposed Amended & Suppl. Compl. ¶¶ 75, 78-80, 83, ECF 72-1. The President and the Secretary of the Interior have since confirmed that decision publicly on multiple occasions. Defendants' contention that Plaintiffs merely "speculate" about a "conceptual proposal," Defs' Combined Response at 16-17, ECF 75-1, is not a challenge to the pleading but a denial of it, and the facts have overrun it. Defendants dumped contaminated debris on the Course, hired an architect and unveiled renderings of a new course, felled trees, and staged heavy equipment; and the President set work to begin September 1. Proposed Amended & Suppl. Compl. ¶¶ 11, 14, ECF 72-1. Since then, Defendants have removed hundreds of healthy trees and planned to remove hundreds more, relying on only a CatEx for purported NEPA compliance. Mem. Op. at 1, 16 ECF 79. Plaintiffs are not speculating about anything.[1]

Defendants' arguments in support of their motion for summary judgment, ECF 75-2, fare no better against Plaintiffs' Rule 15 motion. Those arguments largely go beyond the four corners of the proposed complaint, fail to treat Plaintiffs' allegations as true, and rest on disputed issues of fact. *See, e.g.*, Defs.' Summ. J. Mem. at 28 n.8, ECF 75-2 ("Plaintiffs allege that 'Defendants had

---

[1] Crucially, in its Temporary Restraining Order opinion, ECF 79, the Court concluded that, with regard to the only claim under consideration in that Order, "the individual plaintiffs have met their burden to establish standing" for the purposes of preliminary relief, Mem. Op at 11, ECF 79, and that Plaintiffs showed a likelihood of success on the merits, including as to final agency action, *id.* at 13-18—well clearing the threshold of having stated a claim on which relief could be granted. While preliminary relief is not necessarily predictive of ultimate success on the merits, it strains logic that an amended complaint could be "futile" when it is also adequate to support preliminary relief.

begun advertising for a contract to perform the Washington National plan's "construction phase."' Am. & Supp. Compl. ¶ 101. Not true."); *id.* at 22 (mischaracterizing Plaintiffs' alleged injuries as "little more than alleged 'eyesore' injuries"); *id.* at 25-26 (disputing Plaintiffs' experts' conclusions). While such arguments are appropriate (though incorrect) for a summary judgment motion, none properly bears on any threshold question that could be properly implicated by Defendants' warmed-over motion to dismiss. The summary judgment motion thus presents no reason the Court should not accept Plaintiffs' proposed complaint.

## CONCLUSION

Plaintiffs respectfully request that the Court grant their Rule 15 motion forthwith.

Dated: October 14, 2026

RESPECTFULLY SUBMITTED,

*/s/Mark B. Samburg*

Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org

*Counsel for Plaintiffs*