**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE,

DAVE ROBERTS,

and

ALEX DICKSON,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR;

DOUG BURGUM, in his official capacity as Secretary of the Interior;

NATIONAL PARK SERVICE;

and

JESSICA BOWRON, in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service,

*Defendants*.

Case No. 1:26-cv-477-ACR

**MOTION TO RESUME TESTIMONY OF GREGORY WISCHER**
**OR, ALTERNATIVELY, TO ORDER PRODUCTION OF TEXT MESSAGES**

**AND**

**TO EXTEND TEMPORARY RESTRAINING ORDER**

. . .

At the hearing held on Monday, October 19 on Plaintiffs' Motion for Preliminary Injunction, the Court directed the parties to confer regarding further proceedings necessary to

complete the factual record, including briefing on Defendants' privilege objections. Plaintiffs determined that they will not seek further testimony from Acting Director Jessica Bowron or Superintendent Kevin Griess at this time. Plaintiffs do seek to recall Deputy Chief of Staff Greg Wischer to testify further regarding text message conversations (which might exist on his personal phone and yet-to-be-identified apps) involving Tom Fazio and Gavin Fazio. Plaintiffs were unable to obtain answers to questions directed to Mr. Wischer on this topic because Mr. Wischer testified that he could not recall specific details regarding the substance or timing of those communications and had not brought his personal device to Court to refresh his own recollection. The Court ordered Mr. Wischer to preserve those messages. Defendants did not object to this line of inquiry on privilege grounds.

Afterward, Plaintiffs proposed to Defendants that they produce Mr. Wischer to complete his testimony on the subject of his text messages, or if doing so would be too burdensome, that they produce Mr. Wischer's communications with Tom and Gavin Fazio. Given the imminence of the TRO's expiration, and having heard no response from Defendants, Plaintiffs subsequently modified their proposal to suggest a joint modest extension of the TRO of sufficient length to facilitate completion of the record. Defendants responded that they do not agree to produce Mr. Wischer for further testimony, do not agree to produce the text messages, and oppose an extension of the TRO.

1. The Temporary Restraining Order entered by the Court on October 13 is set to expire on Monday, October 26, ECF 79, and a Motion for Preliminary Injunction is pending. ECF 80. Mr. Wischer's text messages are directly relevant to issues presented by the Motion for Preliminary Injunction, including whether Defendants have reached final agency action and whether Defendants' "tree management plan" is related to the Washington National plan.

2. Under Rule 65(b)(2) of the Federal Rules of Civil Procedure, courts may extend temporary restraining orders for "good cause." Precedent from this District explains that good cause exists where "the grounds for originally granting the [TRO] continue to exist." *Costa v. Bazron*, No. 19-3185 (RDM), 2020 WL 2410502 at *2 (D.D.C. May 11, 2020) (quoting Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2953 (3d. ed. Apr. 2020 Update)). "[C]ourts also have found 'good cause' where more time is needed fully to consider the parties' arguments and motions or 'where the moving party need[s] additional time to prepare and present its preliminary injunction." *Id.* (quoting *SEC v. Arisebank*, No. 18-cv-186, 2018 WL 10419828 at *1 (N.D. Tex. Mar. 9, 2018)). All these reasons justify extending the current TRO until Plaintiffs can finish examining Mr. Wischer about this crucial evidence. This would allow the Court to consider Plaintiffs' Motion for Preliminary Injunction under the most complete record possible.

3. Plaintiffs accordingly move the Court to recall Mr. Wischer to testify at the Court's earliest possible convenience so that Plaintiffs can inquire into the substance and timing of Mr. Wischer's communications involving Tom and Gavin Fazio regarding East Potomac Golf Course. Plaintiffs request that Mr. Wischer be instructed to review those communications in preparation for his testimony and to bring his personal device to Court so he can refresh his own recollection if necessary. Plaintiffs' obtaining the communication might follow. Alternatively, Plaintiffs request that the Court order Defendants to produce copies of Mr. Wischer's personal cell phone communications involving[1] either Tom or Gavin Fazio, dated from June 1, 2026, to the present. Plaintiffs further request that the Court extend the TRO for such length of time, not to exceed 14 days, as is necessary to procure said evidence and for the parties to brief its utility.

---

[1] To be clear, Plaintiffs seek not only text message conversations solely between Mr. Wischer and one of the Fazios, but also any text message conversations including Mr. Wischer, the Fazios, and others.

Dated: October 22, 2026

RESPECTFULLY SUBMITTED,

*/s/Will Bardwell*
Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org

*Counsel for Plaintiffs*