**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DC PRESERVATION LEAGUE, *et al.*,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,**<br><br>*Defendants.* | Civil Action No. 1:26-cv-00477 (ACR)<br><br>The Hon. Ana C. Reyes |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* WASHINGTON AREA BICYCLIST ASSOCIATION IN SUPPORT OF PLAINTIFFS**

Pursuant to Local Civil Rule 7(o) [1], the Washington Area Bicyclist Association ("WABA"), through undersigned counsel, respectfully moves for leave to file the accompanying proposed brief as *amicus curiae* in support of Plaintiffs. The proposed brief and a proposed order accompany this motion.

Pursuant to Local Civil Rules 7(m), counsel for WABA conferred with counsel for both parties regarding this motion. Plaintiffs consent to this filing; Defendants take no position. In support of its motion, WABA states as follows.

WABA is a nonprofit regional organization that advocates safe, accessible bicycling in the Washington, D.C., area. Its work includes transportation safety advocacy, bicycle education, and community organizing. WABA's members use the Ohio Drive loop around Hains Point in East Potomac Park for training, recreation, family rides, and connections with other cycling

[1] This motion is filed in a timely manner and is accompanied by a proposed brief that complies with Local Civil Rule 7(o).

routes. WABA has a particular interest in ensuring that agency decisions do not adversely affect bicycle safety, public recreational access, and the relationship between the route and its surrounding landscape.

Courts have "'broad discretion' in determining whether to permit a party to participate in a lawsuit as *amicus curiae*." *N. Mariana Islands v. United States*, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (citation omitted). This Court permits the filing of an *amicus* brief where it "present[s] ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs," *Mashpee Wampanoag Tribe v. Bernhardt*, 2020 WL 2615523, at *1 (D.D.C. May 22, 2020) (citations omitted), such as by providing "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (citation omitted). Proposed *amicus* submits that it satisfies these standards.

Plaintiffs' briefing identifies East Potomac Park's broader recreational and historic significance and presents their legal challenges to Defendants' actions. WABA does not seek to duplicate that presentation. Nor does WABA's submission duplicate the perspective of the Hains Point Runners and Cherry Blossom, Inc., whose separate request to participate emphasizes running and organized races. Instead, the proposed brief focuses on the bicycle-specific features of the Park, including the uninterrupted loop, shared-use infrastructure, cyclist safety, and NPS's recent planning decisions.

In particular, WABA's proposed brief will help the Court evaluate (1) the historic and ongoing use of the Ohio Drive loop by cyclists; (2) NPS's express recognition of, and recent efforts to protect, that use; (3) the need to evaluate reasonably foreseeable effects on cycling and other public recreation when considering tree removal, fill placement, grading, construction

staging, or potential roadway changes; and (4) how those interests bear on the requested temporary relief, including irreparable injury and the public interest.

Those subjects bear directly on Plaintiffs' asserted claims under the Administrative Procedure Act, the National Environmental Policy Act, the National Historic Preservation Act, and the statutes governing the Park's conservation and public recreational purposes. WABA's interest is not merely in the ultimate merits of any proposed golf-course design, but in meaningful consideration of existing recreational use and feasible alternatives before irreversible work forecloses choices. Its expertise will provide additional assistance to the Court in assessing the implications of preliminary relief for Park users.

WABA submits this request while the Court is considering preliminary relief concerning ongoing activities at East Potomac Park. WABA respectfully requests that the Court consider its proposed brief on the existing schedule. WABA seeks no change to the parties' briefing deadlines, no separate hearing, and no enlargement of the issues before the Court. Granting leave would permit consideration of WABA's distinct perspective without prejudicing the parties or delaying a ruling.

For the foregoing reasons, WABA respectfully requests that the Court grant leave to file its proposed *amicus* brief in support of Plaintiffs, including Plaintiffs' pending request for preliminary relief.

Dated: October 23, 2026

Respectfully submitted,

_____________________________
Nessa Horewitch Coppinger
(D.C. Bar No. 477467)
BEVERIDGE & DIAMOND PC
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6053
Email: NCoppinger@bdlaw.com

*Counsel for* Amicus Curiae *Washington Area Bicyclist Association*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, an electronic copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF system and was served electronically by the Notice of Docket Activity upon registered CM/ECF participants.

_________________________________________
Nessa Horewitch Coppinger