**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, et al.,<br>*Plaintiffs*,<br>v.<br>DEPARTMENT OF INTERIOR, et al.,<br>*Defendants*. | Case No. 1:26-cv-477-ACR |

**ORDER**

Upon consideration of Plaintiffs' Motion for Preliminary Injunction, Dkt. 80, the parties' respective legal memoranda, and the record herein, and for the reasons set forth in the accompanying Memorandum Opinion, the Court hereby:

**GRANTS** Plaintiffs' Motion for Preliminary Injunction, Dkt. 80;

**ORDERS** that Defendants, and their officers, agents, employees, contractors, and all other persons with whom they are in active concert or participation, shall not cut, fell, remove, girdle, top, or substantially prune or otherwise damage or impair any tree in East Potomac Park, whether directly or through excavation, trenching, grading, soil compaction, or staging of equipment or materials within any tree's root zone absent Court order, except that Defendants may take action to address an imminent threat to public safety, with notice to the Court and Plaintiffs within 24 hours, such notice to include a sworn declaration from a senior National Park Service employee attesting to the threat and the need of the taken action to address it;

**FURTHER ORDERS** that Defendants provide the Court and Plaintiffs no less than ten business days' written advance notice before any closure of the East Potomac Golf Course, in whole or in part, other than as already regularly scheduled (such as for a federal holiday) and

before irreversible modification to any forms or features of East Potomac Park, including, but not limited to, the Park's landforms, vegetation, course design, hydrology, pathways, and structures, except that Defendants may take action to address an imminent threat to public safety, with notice to the Court within 24 hours, such notice to include a sworn declaration from a senior National Park Service employee attesting to the threat and the need of the taken action to address it. Any notice under this section must include, at a minimum, the following information:

(1) exact nature and scope of the action;

(2) the date the action is set to start and the reason for the need to start then;

(3) each individual, by name and title, who authorized or directed the action;

(4) each individual, by name and title, who will be involved in carrying it out;

(5) the agency's reason for taking the action;

(6) the action's impact on the Park;

(7) whether the action is taken, in whole or in part, in connection with the Washington National Plan or any Fazio design;

**FURTHER ORDERS** Defendant DOI, on or before October 28, 2026, to notify all DOI employees reasonably likely to have any responsibility for or involvement (in any way) with the East Potomac Golf Course of this Order and promptly file with the Court a copy of that notification;

**FURTHER ORDERS** Defendant DOI to notify, on or before October 30, 2026, any entity not before the Court but with responsibilities on the Course, including Fazio Designs, Tom Fazio, and Gavin Fazio of this Order and promptly file with the Court a copy of that notification;

**FURTHER ORDERS** Defendants to inform the Court without delay if any entity or individual seeks to effectuate changes to East Potomac Park;

**FURTHER ORDERS** Defendants to show cause by October 28, 2026, at 10:00 a.m., as to why the Court should not order it—including relevant DOJ attorneys and staff—to preserve information relevant to the existence of the Washington National Plan, the timing of the tree removal, and the notification of tree removal to the Court and Plaintiffs;

**FURTHER ORDERS** that Plaintiffs shall post a $1.00 bond in accordance with Federal Rule of Civil Procedure 65(c) by November 2, 2026.

The Court **ORDERS** Defendants to alert the Court of any ambiguity in this Order by October 28, 2026, at 10:00 a.m.; the Court will promptly post and order or hold a hearing to resolve it.

**SO ORDERED.**

Date: October 26, 2026

ANA C. REYES
United States District Judge