**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, et al.,<br>*Plaintiffs*,<br>v.<br>U.S. DEPARTMENT OF INTERIOR, et al.,<br>*Defendants*. | No. 26-cv-477 |

**DEFENDANTS' RESPONSE TO THE COURT'S MINUTE ORDER**

On October 28, 2026, the Government notified the Court that it intended to submit a proposal to the National Capital Planning Commission ("NCPC submission") concerning renovations to the East Potomac Golf Course. Dkt. No. 111. During the October 30, 2026, hearing, counsel for the Government notified the Court that the proposal had been submitted. The same day, the Court issued an Order demanding the basis for an assertion of the deliberative process privilege over specific information, namely the date or dates on which tree removal and/or a "links-style" golf course design first appeared in drafts of the NCPC submission.

The deliberative process privilege applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). "To encourage candor, which improves decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure." *Id.* "The 'ultimate purpose' of the deliberative process privilege is 'to prevent injury to the quality of agency decisions.' It reflects the view that if agencies were "to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative

decisions would consequently suffer." *Waterman v. Internal Revenue Serv.*, 61 F.4th 152, 157 (D.C. Cir. 2023) (internal citations omitted).

The deliberative process privilege protects "materials that are both predecisional and deliberative." *Mapother v. Dep't of Just.*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *Fish & Wildlife*, 592 U.S. at 268. "To decide whether a document communicates the agency's settled position, courts must consider whether the agency treats the document as its final view on the matter." *Id.*

Importantly, the deliberative process privilege also extends to *factual* information that might not be covered by other privileges, such as attorney-client privilege. "Even when requested material is found to be factual, the courts have held it exempt where they were convinced that disclosure 'would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" *Quarles v. Dep't of Navy*, 893 F.2d 390, 392 (D.C. Cir. 1990) (quoting *Dudman Communications Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C.Cir.1987)); *see also Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) (protecting not only the communications of legal advice of attorneys but also "the names of their authors" pursuant to the deliberative process privilege). This is because factual information, such as the names of individuals can, if revealed "expose to public view the deliberative process of an agency." *Pub. Citizen, Inc. v. Dep't of Educ.*, 388 F. Supp. 3d 29, 44 (D.D.C. 2019) (citing *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982)). Thus, the deliberative process privilege has a long history of protecting information that courts or parties might expect to appear on a privilege

log (if protected by another privilege) because the disclosure of such information can "chill future internal discussions." *Machado Amadis v. Dep't of State*, 971 F.3d 364, 371 (D.D.C. 2020).

Here, the information sought is clearly both predecisional and deliberative. If this information were requested in the form of a document request, the content of various iterations, the redline edits, the comments from various staff, the drafts exchanged of the document, and the back and forth of what will remain in the document and what will be left on the cutting room floor are all immune from disclosure. *See Lewis v. Dep't of the Treasury*, 851 F. App'x 214, 217 (D.C. Cir. 2021) (protecting "redline" edits as deliberative). Asking for the same information in interrogatory form does not change the analysis. *See Schell v. HHS*, 843 F.2d 933, 940 (6th Cir. 1988) (explaining that because the privilege is "concerned with protecting the deliberative process itself, courts now focus less on the material sought and more on the effect of the material's release."). Thus, whether or at what point a plan contained or omitted a specific proposal or certain language, is exactly the type of information protected by the privilege. "A draft is, by definition, a preliminary version of a piece of writing subject to feedback and change … drafts are what they sound like: opinions that were subject to change." *Id.* at 269; *see also id.* at 272 (a draft remains predecisional until approved by decisionmakers and submitted to another agency); *Goodrich Corp. v. EPA*, 593 F. Supp. 2d 184, 189 (D.D.C. 2009) (protecting draft model because "evolving iterations" of model may not represent agency's "ultimate opinions")

The Court's Order inquiring as to when two specific features were "first added" to the submission necessarily asks the Government to reveal the substance of the back-and-forth the deliberative process privilege exists to protect. Just as drafts are clearly deliberative, here the Court is asking the government to reveal how its NCPC submission came to be in its final form. The Department of Interior is primarily charged with maintaining the land and facilities entrusted to it,

its staff working on land use proposals straightforwardly implicates Interior's core policy areas. To determine when specific features were added into the drafts would require reviewing drafts, or communications between drafters, and describing their contents—i.e., deliberative materials.[1]

As the Supreme Court explained in 1941, "Just as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be equally respected" and though the administrative process is distinct from the judicial process, "they are to be deemed collaborative instrumentalities of justice and the appropriate independence of each should be respected by the other." *United States v. Morgan*, 313 U.S. 409, 422 (1941).

The United States also renews its objection to the discoverability of this material. The Administrative Procedure Act ("APA") cabins judicial review to the administrative record of a final agency action. 5 U.S.C. § 706; *see also CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014). Even where there is an incomplete record or a bad faith finding, the Circuit has instructed that parties should only "be granted *limited* discovery." *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 488 (D.C. Cir. 2011) (emphasis added). "Even on those rare occasions when that is appropriate, the district court is not engaged in ordinary fact-finding, but instead is filling in gaps in the record to determine what the agency actually did." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993). "That principle reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the

[1] Moreover, there is no distinction between the drafts themselves and the information sought with respect to the applicability of the deliberative process privilege. The privilege applies not only to documents but to information that "is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). "The information would disclose that proposals have been made, and that these preliminary recommendations have been accepted or rejected, at various levels of review." *Wolfe v. HHS*, 839 F.2d 768, 774 (D.C. Cir. 1988). Here, the information sought falls within the category of non-segregable information. Forcing disclosure would necessarily and inevitably reveal the government's decision-making process at various levels of review.

workings of another branch of Government and should normally be avoided." *Dep't of Commerce v. New York*, 588 U.S. 752, 780-81 (2019) (quoting *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268 n.18 (1977)).

Here, there *is no administrative record* for the golf course claims because there is not yet a final agency action. And, as the Government has repeatedly said, there will not be a reviewable agency action because redesigning a public golf course is not the type of action the APA concerns itself with. But even if the Court disagrees and orders the Government to produce a full AR, it is premature at this point to conduct extra-record discovery into an AR that has yet to be produced. *See Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009) ("The entire case on [APA] review is a question of law … Our review, like that of the district court, is based on the agency record and limited to determining whether the agency acted arbitrarily or capriciously.").

## CONCLUSION

For the forgoing reasons, the deliberative process privilege protects the requested information from disclosure.

**STANLEY E. WOODWARD, JR.**
Associate Attorney General

*/s/ Andrew J. Block*
**ANDREW BLOCK**
Senior Counsel
Office of the Associate Attorney General
950 Pennsylvania Avenue
Washington, DC 20530
(202) 514-9500
stanley.woodward@usdoj.gov

**ADAM R. F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

**ROBERT STANDER**
Deputy Assistant Attorney General

**BENJAMIN HAYES**
Deputy Assistant Attorney General

**MARISSA A. PIROPATO**
Deputy Chief (MA Bar No. 651630)

**MICHAEL K. ROBERTSON**
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice

Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202) 598-3835
Email: michael.robertson@usdoj.gov

*Attorneys for Defendants*