**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-477-ACR |

**DEFENDANTS' NOTICE**

On October 30, 2026, the Court, by Minute Order, ordered Defendants to notify the Court by November 2, 2026, "whether there is a contract with Fazio Design, Tom Fazio, or Gavin Fazio to design or otherwise renovate the East Potomac Golf Course." Oct. 30, 2026, Minute Order.

This order was borne out of the Court's discussion with counsel at the October 30 status hearing where the Court asked: "At the last hearing you told me categorically that there's no contract with Mr. Fazio or anyone associated with Mr. Fazio, does that remain the case?" Transcript of October 30 Status Hearing ("Tr.") at 31:23–25. After conferring with agency counsel, the undersigned counsel responded: "Neither the … Department of Justice nor the Department of Interior are aware of any contract with Mr. Fazio." Id. at 31:4–:6. The Court then responded "Okay. I want to know if there's any contract. So I want you guys to go back and find out if the White House or anyone has signed a contract with Mr. Fazio, because I find it impossible that we have

plans and all this work from Mr. Fazio, and even if he's doing it pro bono, that there's no contract anywhere. I just don't find that credible. So please look into it for me." Id. at 32:7–13.

As discussed in previous filings, discovery is not appropriate in this civil action brought under the Administrative Procedure Act. Dkt. 121 at 4; 5 U.S.C. § 706; *Hill Dermaceuticals, Inc. v. F.D.A.*, 709 F.3d 44, 47 (observing "it is black-letter administrative law that in an APA case, a reviewing court" should rely on the Administrative Record). Moreover, the position of the United States in non-APA litigation is that information may only be obtained from non-party executive branch agencies pursuant to each such agency's *Touhy* regulations. 5 U.S.C. § 301; *see United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (recognizing "the possibilities of harm from unrestricted disclosure in court" of the information found "in the files of any government department"). Here, the White House, nor any other Executive Branch agency (aside from Interior) is a party to this litigation.

Additionally, the White House is not an "agency" for purposes of the APA. *Franklin v. Massachusetts*, 505 U.S. 788, 800 (1992); *see also Jones v. Executive Office of the President*, 167 F. Supp. 2d 10, 14 (D.D.C. 2001) (holding that the White House is not an agency for purposes of the Freedom of Information Act); *Alexander v. F.B.I.*, 456 Fed. App'x. 1 (D.C. Cir. 2011) (applying the same under the Privacy Act). In addition, there are significant separation of power and executive privilege issues with the Court *sua sponte* ordering discovery into White House affairs. *See e.g., In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997) (explaining the constitutional basis for executive privilege including deliberative process privilege).

Nevertheless, the undersigned counsel has consulted with the Office of the White House Counsel and based on that consultation, and an otherwise diligent inquiry, reasonably believes that

no contract exists between Tom Fazio, or Gavin Fazio, or Fazio Design and the United States for work to design or otherwise renovate the East Potomac Golf Course.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
STANLEY E. WOODWARD, JR.
Associate Attorney General
DC Bar No. 997320
950 Pennsylvania Ave NW
Washington, DC 20530
202.514.9500
stanley.woodward@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel of record via CM/ECF on November 2, 2026.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.