**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>*vs.*<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-477 |

**<u>PLAINTIFFS' NOTICE OF PROPOSAL</u>**

Plaintiffs submit this Notice in response to the Court's October 30, 2026 Minute Order for the parties in this action "to meet and confer, in person to discuss the scope of the Court's notice requirement in its preliminary injunction order, Dkt. 101" and Defendant's Notice of Proposal (Dkt.129). On October 31, 2026, following the parties' in-person conference, Plaintiffs agreed to several clarifications[1] to the notice provisions in the preliminary injunction order to accommodate concerns Defendants raised during the meet-and-confer or in their stay motion (Dkt. 112). Plaintiffs disagree, however, with Defendants' request to lift the notice requirement in its entirety. Consistent with the Court's Minute Order, Plaintiffs present their position:

1. *Notice.* As they do in their Motion to Stay (Dkt. 112), to which Plaintiffs have filed an opposition (Dkt. 128), Defendants argue that "no notice requirement should be imposed." Dkt. 129, at 2. For the reasons already briefed in the Motion for a Preliminary Injunction (Dkt. 80) and the Court's decision (Dkt. 101), as well as the developments reported last week (Dkt. 111)

[1] Defendants characterize the changes the parties discussed as a "partial[] stay" of the Order. Dkt. 129, at 2. Plaintiffs oppose the agreements as being a "stay" of any part of the Court's injunction order. They are agreed-upon clarifications to resolve potential ambiguities in the Order.

concerning the commencement of work on the seawall, the announced golf course closing, and the purported reasons for doing so, Plaintiffs maintain that the notice provisions of the preliminary injunction, with some potential clarifications, are required.

2. *Clarifications.* Following the October 31, 2026 meet and confer, Plaintiffs agreed to the following clarifications[2]:

a. In the third and fourth paragraphs on the first page of the Court's Order, Defendants raised the concern that the exception for "an imminent threat to public safety" still required notice of remedial action *before* it was taken. Plaintiffs do not read the provisions in that way. Nevertheless, to avoid any confusion, Plaintiffs agree to insert the word "thereafter" between "24 hours" and "such notice."

b. In the fourth paragraph on the first page of the Court's Order, Defendants raised that the apparent geographic scope of the injunction impacted non-golf course (e.g., the Long Bridge [Rail] Project). Plaintiffs agreed that the solution was to insert the clarifying phrase "southeast of Buckeye Drive, SW" between "East Potomac Park" and "including, but not limited." Defendants' Notice of Proposal (Dkt. 129) likewise suggests adding the same clarification to subsection (6) in the fourth paragraph of the Court's Order; Plaintiffs are amenable to that clarification as well.

c. Also, in the fourth paragraph on the second page of the Court's Order, Defendants read subsection (3) to require the names of individuals who are "directing" the action as it goes on versus Plaintiffs' reading that it applied only to those involved in directing that the action be taken in the first place. Again, to avoid any confusion, Plaintiffs agree for (3) to read

[2] Plaintiffs attach as Exhibit A, a redlined version of the Court's preliminary injunction order to facilitate the Court's review.

(additions are underlined): "each individual, by name and title, who authorized the action or directed that the action be taken;"

d. Further in the fourth paragraph on the second page of the Court's Order, Defendants raised concern about the number of people and various levels of operation subsection (4) might include. To clarify that issue, Plaintiffs agree to strike subsection (4) and renumber the remaining subsections.

e. Defendants raised that the seventh paragraph on the second page of the Court's Order would be unnecessary if there was agreement to the other subsections in the fourth paragraph. Plaintiffs agree that striking that "Further Orders" paragraph clarifies the order.

Dated: November 4, 2026

RESPECTFULLY SUBMITTED,

Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Kevin E. Friedl (Bar No. 90033814)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
kfriedl@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org

*Counsel for Plaintiffs*

*/s/Abbe David Lowell*
Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com