**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE,

DAVE ROBERTS,

and

ALEX DICKSON,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR;

DOUG BURGUM, in his official capacity as Secretary of the Interior;

NATIONAL PARK SERVICE;

and

JESSICA BOWRON, in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service,

*Defendants*.

Case No. 1:26-cv-477-ACR

**MOTION FOR A TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, A 14-DAY STAY UNDER 5 U.S.C. § 705 AGAINST CLOSURE OF EAST POTOMAC PARK**

Plaintiffs hereby move the Court to enter a 14-day temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure or, alternatively, for a 14-day stay under 5 U.S.C. § 705 with respect to Defendants' planned closure of East Potomac Park on November 15.

Despite their reliance on a pretextual safety rationale, Defendants concede the closure of East Potomac Park will serve "to implement the President's direction" to close the Park "in order to renovate and rebuild" the Golf Course. *See* ECF 107 at 4; ECF 111 at 2; Min. Order, Oct. 27, 2026. Defendants' plan to close East Potomac Park leaves them poised to take another significant step in implementing the Washington National Plan. In doing so, they threaten imminent injury to Plaintiffs and the public interest. In the Memorandum filed alongside this Motion, Plaintiffs explain that they satisfy the four requirements governing both stays under 5 U.S.C. § 705 and temporary restraining orders under Rule 65(b). *See Global Health Council v. Trump*, 153 F.4th 1, 12 (D.C. Cir. 2025) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). Plaintiffs are likely to succeed on the merits that the closure is a step toward implementing the Washington National Plan, for which Defendants have not complied with the National Environmental Policy Act or the National Historic Preservation Act; that the closure is arbitrary and capricious in violation of the APA; and that the closure, as a step toward implementing the Washington National Plan, violates the National Park Service Organic Act. Plaintiffs will likely suffer irreparable harm without temporary relief. And both the balance of equities and public interest strongly favor temporary relief.

Therefore, and for the reasons explained in the Memorandum accompanying this Motion and supporting exhibits, the Court should enter a 14-day temporary restraining order under Rule 65(b) or, alternatively, a 14-day stay under 5 U.S.C. § 705, halting Defendants' intended closure of East Potomac Park.

Dated: November 5, 2026

RESPECTFULLY SUBMITTED,

/s/Will Bardwell
Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Kevin E. Friedl (Bar No. 90033814)
Anna L. Deffebach (Bar No. 241346)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
kfriedl@democracyforward.org
adeffebach@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org

*Counsel for Plaintiffs*