# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>*vs.*<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-477 |

**THIRD DECLARATION OF REBECCA MILLER**

1. I am Rebecca Miller.

2. I am an adult resident of Washington, D.C., and I submit this Declaration in support of the Plaintiffs' Second Motion for a Temporary Restraining Order. The statements made in this Declaration are based on my personal knowledge.

3. I am the Executive Director of the DC Preservation League, a Section 501(c)(3) nonprofit organization dedicated to preserving the historic and cultural resources of the District of Columbia. I have served in this role since 2005.

4. DC Preservation League's mission is to advocate for the protection, enhancement, and celebration of Washington's built environment and to

educate the public about the District's architectural and cultural heritage, including through participating in public project review processes.

5. DC Preservation League typically participates in all reviews under Section 106 of the National Historic Preservation Act, 54 U.S.C. § 306108, affecting major projects in Washington. For instance, over the past several years, DC Preservation League consulted in and prepared comments for the Section 106 reviews at Navy Yard, Saint Elizabeth, the Armed Forces Retirement Home, and many Section 106 reviews at the National Mall, including the World War II Memorial, the District of Columbia War Memorial restoration project, the Washington Monument visitor facility.

6. Our comments during a Section 106 review typically advocate for public access to sites and for retention of the historic character that has already been documented about the site.

7. The way a Section 106 review works is that the agency that is considering the undertaking will notify consulting parties. DC Preservation League is notified on just about every agency project in D.C. as a consulting party. We usually participate in at least one Section 106 review per month. Many reviews end with no adverse effect, while others end in a memorandum of understanding or programmatic agreement, which includes a negotiated plan to mitigate adverse effects to the historic property.

8. On July 23, 2026, I received an e-mail from Tammy Stidham, who is the Associate Regional Director for Lands and Planning at the National Park

Service. Ms. Stidham's e-mail invited DCPL to participate as a consulting party in a Section 106 review concerning East Potomac Golf Course. The e-mail stated that a virtual consulting party meeting would be held on August 13, 2026, from 9-10 a.m. Eastern Time.

9. DCPL decided to participate in the review as a consulting party.

10. A few days prior to the meeting, though, Ms. Stidham notified me that the consulting party meeting had been rescheduled for August 20, 2026.

11. On August 17, 2026, Ms. Stidham e-mailed me again to inform me that the consulting parties meeting had been canceled.

12. I have not received any correspondence indicating that the meeting has been rescheduled, nor am I aware of any rescheduling.

13. If a Section 106 review were conducted for changes to East Potomac, DC Preservation League would participate and offer feedback on the preservation of East Potomac Golf Course's historic character and accessibility.

14. I declare under 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Executed on November 4, 2026, in Washington, D.C.

Rebecca Miller
Executive Director
DC Preservation League
1328 Florida Ave. NW
Washington, D.C. 20009