**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE, et al.,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF INTERIOR, et al.,

*Defendants*.

No. 26-cv-477

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' RESPONSE TO THE COURT'S MINUTE ORDER**

The information at issue is protected by the deliberative process privilege, and Plaintiffs' arguments to the contrary are unavailing.

Plaintiffs argue that the "date on which tree removal and/or a links-style golf design was first added to the NCPC Proposal" is not protected by the deliberative process privilege because they are "elements" of an agency action that "the Court found exists and constitutes final agency action for APA purposes." Minute Order of Oct. 30, 2026; ECF No. 127 at 1, 4.[1] They also argue that even if they were deliberative, that privilege is overcome because of the Court's bad-faith finding. Both arguments are legally wrong.

At the outset, Plaintiffs misstate the law concerning the Deliberative Process Privilege's so-called government misconduct exemption, which does not apply here. Plaintiffs conflate the Court's bad faith finding—used to allow extra record discovery—with the misconduct discussed in *In re Sealed Case*. 121 F.3d 729, 734 (D.C. Cir. 1997). These two things are separate and distinct

[1] The Government has appealed that preliminary finding, ECF No. 105, waives no position in this filing, and proceeds herein assuming *arguendo* that the Court and Plaintiffs are correct. Even under that premise, the discovery is still unavailable.

from each other. The bad faith finding, to which the Government strenuously objects, allows for discovery to complete the administrative record upon a showing of improper behavior or a bare record. *Theodore Roosevelt Conservation. P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010). It carries no automatic piercing of privilege, and Plaintiffs cite no authority that it does. On the other hand, *In re Sealed Case* discusses the overcoming of the deliberative process privilege when "the documents sought may shed light on government misconduct." 121 F.3d at 737–38. However, "[d]istrict courts in this circuit that have considered whether to apply the government misconduct exception have found that a plaintiff must meet a high bar to properly invoke it." *Ctr. for Pub. Integrity v. U.S. Dep't of Def.*, 486 F. Supp. 3d 317, 332 (D.D.C. 2020).

To pierce the deliberative process privilege "the claimed governmental misconduct [must] be severe enough to qualify as nefarious or extreme government wrongdoing." *Agility Pub. Warehousing Co. K.S.C. v. Dep't of Def.*, 110 F. Supp. 3d 215, 223 (D.D.C. 2015) (APA case). "[I]n the rare cases that have actually applied the exception, the 'policy discussions' sought to be protected with the deliberative process privilege were so out of bounds that merely discussing them was evidence of a serious breach of the responsibilities of representative government." *Id.* (quoting *ICM Registry, LLC v. U.S. Dep't of Com.*, 538 F. Supp. 2d 130, 133 (D.D.C. 2008)). Here, the deliberations "sought to be protected" pertain to concerns (1) the removal of trees from a golf course, and (2) the selection of a particular type of, a golf course. Regardless of the timing of these events, to the extent they occurred as the Court has described them, such drafting decisions are not misconduct, let alone conduct "so out of bounds" that the mere discussion of it is "evidence of a serious breach of representative government." *Id.*

Beyond this conflation of legal principles, Plaintiffs' arguments that the facts in question are components of a final agency action fail as a matter of timeline. The Court, in its preliminary

findings of fact, "determine[d] without hesitation" that the agency action became final "at some point well before October 15, 2026," ECF No. 103 at 35, and on that basis allowed the extra-ordinary step of extra record discovery in an APA case. But "[e]ven on those rare occasions when [extra record discovery] is appropriate, the district court is not engaged in ordinary fact-finding, but instead is filling gaps in the record to determine what the agency actually did." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993). "[I]t is black-letter administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). Extra record discovery in this case cannot include anything which happened *after* "some point well before October 15, 2026." This would obviously exclude the NCPC submission, which was not finalized and submitted until October 30, 2026. October 30, 2026, Hearing Tr. at 75.

Further, Plaintiffs' argument that the information sought is segregable from the document itself is also unavailing. As they say, "The Court has ordered Defendants to disclose *only* the date upon which these two decisions were first added to the submission." ECF No. 127 at 5. As the Government pointed out, "[t]he information would disclose that proposals have been made, and that these preliminary recommendations have been accepted or rejected, at various levels of review." ECF No. 121 at 4 n.1 (quoting *Wolfe v. HHS*, 839 F.2d 768, 774 (D.C. Cir. 1988)). When edits were proposed, discussed, and accepted is the essence of what the deliberative process privilege exists to protect.

Finally, Defendants are not estopped from making their argument that redesigning a golf course is not subject to the APA because that is not "agency action" within the meaning of 5 U.S.C.

551(13). ECF No. 127 at 6. Plaintiffs' argument to the contrary is a non sequitur. Even if the redesign of a golf course is "agency action," a court's review of that action is limited to the record before the agency at the time of final decision. As discussed above, the Court has determined that final agency action in this case is occurred "well before" the document contemplated by the Court was finalized and consequently cannot be subject to extra record discovery in this litigation.

**CONCLUSION**

For the foregoing reasons, the Government maintains its position that the requested information is not subject to discovery in this case, and in the alternative, is protected by the deliberative process privilege.

Respectfully submitted this 5th day of November, 2026.

**STANLEY E. WOODWARD, JR.**
Associate Attorney General

*/s/ Andrew J. Block*
**ANDREW BLOCK**
Senior Counsel

**ROBERT A. CROSSIN**
Counsel
Office of the Associate Attorney General
950 Pennsylvania Avenue
Washington, DC 20530
andrew.block@usdoj.gov
(202) 514-9500

**ADAM R. F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

**ROBERT STANDER**
Deputy Assistant Attorney General

**BENJAMIN HAYES**
Deputy Assistant Attorney General

**MARISSA A. PIROPATO**
Deputy Chief (MA Bar No. 651630)

**MICHAEL K. ROBERTSON**
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202) 598-3835
Email: michael.robertson@usdoj.gov

*Attorneys for Defendants*