**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DC PRESERVATION LEAGUE, *et al.*,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,**<br><br>Defendants. | Civil Action No. 1:26-cv-00477 (ACR)<br><br>The Hon. Ana C. Reyes |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF OF *AMICI CURIAE* HAINS POINT RUNNERS AND CHERRY BLOSSOM, INC. IN SUPPORT OF PLAINTIFFS**

Pursuant to Local Civil Rule 7(o), nine individual recreational runners and Cherry Blossom, Inc., through undersigned counsel, respectfully move the Court for leave to file the accompanying supplemental brief as *amici curiae* in support of Plaintiffs. The proposed brief and a proposed order accompany this motion.

Consistent with Local Civil Rule 7(m), counsel for *amici* conferred with counsel for both parties regarding this motion. Plaintiffs consent to this filing; Defendants take no position.[1] In support of their filing, *amici* state as follows.

*Amici* previously submitted a brief in support of Plaintiffs. *See* Br. of *Amici Curiae* Hains Point Runners & Cherry Blossom, Inc. in Support of Plaintiffs ("First Amicus Br."), Dkt. No. 97. Individual *amici* are residents of the District of Columbia, Maryland, and Virginia who have

[1] This motion is filed in a timely manner and is accompanied by a proposed brief that complies with Local Civil Rule 7(o).

extensive experience using East Potomac Park for running, walking, cycling, race organization, race volunteering, athletic rehabilitation, and other forms of outdoor recreation. Cherry Blossom, Inc. is a District of Columbia nonprofit corporation that organizes and stages the annual Credit Union Cherry Blossom Ten Mile Run, one of the largest annual athletic events conducted on National Park Service ("NPS") lands in the Washington, D.C., metropolitan area, of which the Hains Point perimeter roadway is a critical component.

Courts have "'broad discretion' in determining whether to permit a party to participate in a lawsuit as *amicus curiae*." *N. Mariana Islands v. United States*, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (citation omitted). This Court permits the filing of an *amicus* brief where it "present[s] ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs," *Mashpee Wampanoag Tribe v. Bernhardt*, 2020 WL 2615523, at *1 (D.D.C. May 22, 2020) (citations omitted), such as by providing "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (citation omitted). Proposed *amici* submit that they satisfy these standards.

Defendants' declared intent to close East Potomac Park south of Buckeye Drive on November 15, based in substantial part on the asserted "deteriorating condition of the East Potomac Seawall," Third Suppl. Decl. of Jessica Bowron ¶ 7, Dkt. No. 111-2, threatens to eliminate the Park's perimeter roadway and thereby extinguish one of the Park's longstanding uses by the public for outdoor recreation of all kinds. *Amici* seek to submit the proposed supplemental brief to assist the Court in evaluating whether the deteriorating conditions of the seawall and adjacent promenade described by Defendants rationally explain the decision to close East Potomac Park. *Amici* further seek to inform the Court of the unique irreparable harm that *amici* and other

recreational users of the Hains Point perimeter roadway will suffer from the planned closure of East Potomac Park, including Ohio Drive. The proposed brief shows, from the perspective of longstanding recreational users of Ohio Drive, why the asserted necessity for categorical closure lacks a rational factual basis, why NPS's own closure regulations matter, and what concrete public recreational interests will be irretrievably lost if the Park closes before the Court can adjudicate the dispute.

*Amici* submit that these perspectives may "help the court" evaluate the public consequences of the issues presented and support the preliminary injunctive relief Plaintiffs seek here. *Jin*, 557 F. Supp. 2d at 137 (citation omitted).

For the reasons stated above and as set forth in the proposed brief, *amici* respectfully request that the Court grant leave to file the accompanying supplemental brief as *amici curiae* in support of Plaintiffs.

Respectfully submitted,

*/s/ Alan Pemberton*

Alan Pemberton (D.C. Bar No. 367108)
Rachel Bercovitz (D.C. Bar No. 1780904)
Basundhara Mukherjee (D.C. Bar No. 90025431)
Covington & Burling LLP
850 Tenth St. NW
Washington, D.C. 20001
Phone: (202) 662-6000
apemberton@cov.com
rbercovitz@cov.com
bmukherjee@cov.com

*Counsel for* Amici Curiae *Hains Point Runners and Cherry Blossom, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, an electronic copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF system and was served electronically by the Notice of Docket Activity upon registered CM/ECF participants.

Respectfully submitted,

*/s/ Alan Pemberton*

Alan Pemberton (D.C. Bar No. 367108)
Covington & Burling LLP
850 Tenth St. NW
Washington, D.C. 20001
Phone: (202) 662-6000
apemberton@cov.com

*Counsel for* Amici Curiae *Hains Point Runners and Cherry Blossom, Inc.*