**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE, *et al.*,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,

*Defendants*.

Case No. 1:26-cv-477

**PLAINTIFFS' RESPONSE TO THE COURT'S NOVEMBER 3 MINUTE ORDER RE: SEALING**

Plaintiffs submit this filing in response to the Court's November 3, 2026, Minute Order directing the parties to "brief simultaneously whether Dkt. 130 should be unsealed." The document filed at Dkt. 130 purports to list "the names of all individuals who have participated in preparing the submission identified at Docket 111-1 to the National Capitol Planning Commission (NCPC Proposal)." First Min. Order (Oct. 30, 2026). As Plaintiffs do not know the basis upon which Defendants contend the document should remain sealed, they take no position on the ultimate issue of whether the Court should seal those names, but write to outline the principles that govern whether Defendants have overcome the "strong presumption" in favor of public access to judicial proceedings. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017).

**LEGAL STANDARD AND ANALYSIS**

**A. Legal Standard.**

"The right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife*, 865 F.3d at 663. The presumption in favor of access is "strong" but "not absolute." *Id.* Where a government

agency is party to a litigation, that "strengthens the already strong case for access." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

The D.C. Circuit has identified six factors a court should weigh to determine whether a litigant has overcome the presumption of public access to court filings: (1) the need for public access to the documents; (2) the extent of previous public access; (3) the fact that someone has objected to disclosure, and who that person is; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). Interests that have overcome the presumption of public access include the protection of "trade secrets" or privilege, as well as the need to avoid disclosure of "sensitive or highly personal matter[s]" such as "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020).

**B. The Need for Public Access Is Substantial.**

Here, the *Hubbard* factors require a strong showing by Defendants to overcome the presumption of public access.

Regarding the first factor, government agencies are parties to this case. That fact "strengthens the already strong case for access." *E.E.O.C.*, 98 F.3d at 1409. And this case has garnered significant public attention, because East Potomac Golf Course is a "historic landmark." ECF 103 at 1. The President and Secretary Burgum's repeated social media posts have also attracted public attention to the case. *E.g.*, ECF 91, 96, 114.

On the second factor, the public has previously had access to at least some of the information at issue. Some individuals listed in Dkt. 130 have already been named in public filings as having a role in the Washington National Plan, and one has already testified publicly in this

case. *Hubbard*, 650 F.2d at 318. Because their identities are already substantially associated with this matter in the public domain, sealing serves little purpose, and the interest in confidentiality is correspondingly weak. *Id.*

Concerning the third, fourth, and fifth factors, disclosure of the names listed in Dkt. 130 neither implicates privacy interests nor causes prejudice. *Hubbard*, 650 F.2d at 319-21. Government employees acting within the scope of their jobs have diminished privacy interests. *Stern v. F.B.I.*, 737 F.2d 84, 92 (D.C. Cir. 1984). Those privacy interests are even further diminished for any "high-level employee." *Id.* at 93. The D.C. Circuit in *Stern* thus required disclosure of a high-ranking official's identity even where it found that lower-ranking officials' privacy interests could outweigh the presumption of public access. *Id.* at 92-94. Here, individuals listed in Dkt. 130 appear to include high-level employees who prepared a public document for a public planning body. Their privacy interests in that role are minimal.

Finally, the sixth factor strongly supports public access. *Hubbard*, 650 F.2d at 321. Dkt. 130 identifies the government officials who participated in a proposal that, if adopted, will result in closure and destruction of a "historic landmark." ECF 103 at 1. The public has a strong interest in knowing what government officials have advanced that proposal. *See, e.g.*, *Am. Fed'n of Gov't Emps. v. U.S. Off. of Pers. Mgmt.*, 827 F. Supp. 3d 513 (S.D.N.Y. 2026) (holding that names of DOGE agents must be unsealed where disclosure "allows the public to monitor the government's conduct and assess court rulings," minimal privacy interests of "individuals whose official roles . . . lie at the heart of the plaintiffs' claims," all of the agents' names had already been publicly associated with DOGE, and the defendants had proffered no evidence that mere disclosure of the agents' names would lead to harassment).

## CONCLUSION

Although each *Hubbard* factor provides support for public access, Plaintiffs have not yet seen the basis on which Defendants may contend that Dkt. 130 should remain sealed. Therefore, Plaintiffs respectfully submit that the strong presumption of public access applies with full force to Dkt. 130. Unless the Government carries its heavy burden to justify keeping under seal the names of the government employees who helped to prepare the NCPC Proposal, there would be no grounds to do so.

Dated: November 12, 2026

Respectfully submitted,

Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Kevin E. Friedl (Bar No. 90033814)
Catherine M.A. Carroll (Bar No. 497890)
Anna L. Deffebach (Bar No. 241346)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
kfriedl@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org
lindsay@democracy defenders.org

*Counsel for Plaintiffs*

*<u>/s/Abbe David Lowell</u>*
Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowelland
associates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com