**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,

Defendants.

Civil Action No. 1:26-cv-477-ACR

**DEFENDANTS' BRIEF IN RESPONSE TO THE COURT'S NOVEMBER 3, 2026 MINUTE ORDER ON DEFENDANTS' DOCUMENT FILED UNDER SEAL**

Defendants, through undersigned counsel, pursuant to the Court's Minute Orders of October 30, 2026, and November 3, 2026, hereby submit this Response in support of its filing under seal, Dkt. 130. The United States seeks to keep under seal the identities of the individuals who drafted, edited, or provided input on the submission that was provided to the National Capital Planning Commission. The NCPC Submission has already been provided to the Court and the Plaintiff. The United States only seeks to preserve the anonymity of the Department of Interior employees identified. Although there is a strong presumption in favor of public access to judicial proceedings and records, that presumption may be overcome in appropriate circumstances. *See In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 463 (D.D.C. 2018) (quoting *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980)). In this jurisdiction, Courts apply the six-factor *Hubbard* test when faced with a motion to unseal

previously sealed judicial records and documents. *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). However, because "not all documents filed with courts are judicial records," there is a threshold inquiry: "whether something is a judicial record depends on the role it plays in the adjudicatory process." *SEC v. Am. Int'l Grp.,* 712 F.3d 1, 3 (D.C. Cir. 2013). The NCPC submission is not a judicial record because it cannot play any role in the adjudication of the Plaintiffs' claims.

The NCPC submission came to be filed because the Court "made a bad faith finding in this case" and "therefore, [has] allowed extra record discovery." October 30, 2026 Hearing Tr. at 49. The Court, in its oral finding, noted "the APA limits judicial review to the administrative record, except when there has been a strong showing of bad faith or improper behavior, or when the record is so bare that it prevents effective judicial review." October 19, 2026 Hearing Tr. at 9 (quoting *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010)). It found that "both *Salazar* factors apply here." *Id.*

However, "[e]ven on those rare occasions when [extra record discovery] is appropriate, the district court is not engaged in ordinary fact-finding, but instead is filling gaps in the record to determine what the agency actually did." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993). "[I]t is black-letter administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency *when* it made its decision.'" *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) (emphasis added). The Court found "without hesitation" that the agency action being reviewed in this case became final "at some point well before October 15, 2026." Dkt. 103 at 35. The civil servants named in the sealed filing commenced work on the NCPC submission subsequent to that

date. Consequently, it cannot be a part of the administrative record being examined in this case or play any role in the adjudicatory process. Any further inquiry into it would exceed the Court's jurisdiction under the APA; it cannot be a judicial record because it falls beyond the ambit of Plaintiffs' claims, as drawn by the Court. Dkt. 130 should therefore remain sealed.

However, even if the NCPC submission were a judicial record within the meaning of the common law right of access, the *Hubbard* test still requires that it remain sealed. In *Hubbard*, the D.C. Circuit set forth six factors that district courts must consider when determining whether to seal documents: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hubbard*, 650 F.2d at 317-22.

Here, the first and sixth *Hubbard* factors weigh in favor of non-disclosure because the identities of those who worked on the NCPC Submission is, again, outside the scope of APA administrative record review cases, and even if it were not, would typically not be made public. Plus, the remaining *Hubbard* factors also weigh in favor of sealing the identities of the government employees, chiefly the fourth factor. There are significant privacy concerns involved in this case and there is no need for public access to this information.

As to the first and sixth factors, Defendants respectfully preserve their argument that there is no final agency action which could support an Administrative Record that would include the NCPC Submission. 5 U.S.C. § 704 (allowing review only of "[a]gency action made reviewable by statute and *final* agency action."). The APA provides no authority for courts to review *non*-final agency actions, that is, interim decisions that may (or may not) ultimately lead to final agency

action. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) ("[T]he 'agency action' in question must be 'final agency action.'"); *see Bennett v. Spear*, 520 U.S. 154, 178 (1997) (explaining that to be final, "the action must mark the 'consummation' of the agency's decisionmaking process, . . . [a]nd . . . be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow'") (citations omitted). There is no need for identifying individuals who have worked on documents relevant to non-final agency action.

Defendants acknowledge, however, that the Court has found final agency action. Even so, the identities of those who authored the NCPC Submission, would not constitute a part of the administrative record because they are not evidence "that the agency 'directly or indirectly considered'" in making its decision. *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77 (D.D.C. 2018). Plus, this information is protected from disclosure as deliberative. "In APA cases, privileged and deliberative documents reflecting internal agency deliberations are 'immaterial as a matter of law—unless there is a showing of bad faith or improper behavior,'" *Stand Up for Cal.! v. United States DOI*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) (quoting *In re: Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279, 1279-80, 332 U.S. App. D.C. 251 (D.C. Cir. 1998)). The identities of individual employees who worked on a draft submission is deliberative and analogous to the draft itself which is "the sort of materials often protected by the deliberative process privilege." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 85 (D.D.C. 2018).

Defendants disagree with any determination of bad faith here. *See supra.* But even where bad faith is found, there must be "'a strong showing of bad faith or improper behavior' []so that without discovery the administrative record cannot be trusted[]." *Saratoga Dev. Corp. v. United States*, 305 U.S. App. D.C. 351, 21 F.3d 445, 458 (1994). Publicly revealing the identities of these government employees has no bearing on whether administrative record materials themselves

could be trusted. The targeted redaction of this information is not central to either Plaintiffs' claims or the facts alleged to support them. *See Jones v. Trump*, No. 25-401 (UNA), 2025 LX 113832, at *8 (D.D.C. Feb. 13, 2025) (finding non-critical information to public's understanding as justifiably sealable, despite its relation to a government policy of "intense public controversy" that would ordinarily favor disclosure). And even if this information were relevant, it would ordinarily not be disclosed to the public as the administrative record is typically not filed on the public docket under D.C. Local Rule 7(n).

The Court can form a conclusion as to whether the Agency's actions were reasonable and reasonably explained without needing the identities of those who authored the NCPC Submission on the public docket. Further, the NCPC Submission represents deliberative agency work product, and the individual identities of those who authored the product are not relevant because the employees were acting under the authority of the Agency when they authored it. The Court need only determine whether the NCPC Submission was created by the Department of Interior, not who within the DOI participated in drafting it.

Even if the identities of these individuals were relevant to the APA considerations at issue here, the remaining *Hubbard* factors would still weigh in favor of keeping these identities under seal for the reasons identified in Defendants' prior filing.

The fourth *Hubbard* factor weighs in favor of sealing. The case at hand is a highly publicized matter which has drawn national attention. With that attention, has sadly come outrage and death threats. These privacy concerns support sealing. Government employees are reasonably concerned that they will be subject to the same level of publicity, harassment, and potential harm.

With respect to the other *Hubbard* factors, not all of the individuals under seal have been publicly connected to the NCPC Submission; the United States has a significant interest in

protecting its employees from threats and harassment, and no party has objected to non-disclosure such that prejudice could arise. Therefore, the remaining *Hubbard* factors weigh in favor of keeping the identities of these individuals under seal.

In sum, applying general record review principles under the APA, the names of the individuals under seal are irrelevant. Even under a finding of bad faith, publishing their identities serves no administrative record purpose. Separately, non-disclosure is still warranted under *Hubbard*.

For the above reasons, the United States respectfully requests that the Court grant its Motion to File Under Seal, Dkt. 130.

Respectfully submitted this 12th of November 2026.

**STANLEY E. WOODWARD, JR.**
Associate Attorney General

**ANDREW J. BLOCK**
Senior Counsel

**ROBERT A. CROSSIN**
Counsel
Office of the Associate Attorney General
950 Pennsylvania Avenue
Washington, DC 20530
(202) 514-9500
stanley.woodward@usdoj.gov

**ADAM R. F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

**BENJAMIN HAYES**
Deputy Assistant Attorney General

*/s/ Marissa Piropato*
**MARISSA A. PIROPATO**
Deputy Chief (MA Bar No. 651630)
**MICHAEL K. ROBERTSON**
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202) 598-3835
Email: michael.robertson@usdoj.gov

*Attorneys for Defendants*