**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-477-ACR |

**DEFENDANTS' RESPONSE TO THE COURT'S NOVEMBER 7, 2026, MINUTE ORDER**

There is no reasonable basis for conducting an ethics inquiry in this case. That should end this matter. But even if the Court were to disagree, the Court may not appoint any Special Master in this case. The Court's Minute Order from November 7, 2026, invoked Federal Rule of Civil Procedure 53 as the source of authority to appoint a Special Master. Under that rule, a district court may appoint a Special Master without the parties' consent only in limited and narrowly defined circumstances. Here, Defendants and the Department of Justice **do not consent** to the appointment of Ms. Jessie Liu or any Special Master to conduct the ethics investigation contemplated by the Court, and none of the narrowly defined circumstances under which a Special Master may be appointed over a party's objection are present here. If the Court is to proceed with an ethics inquiry, it may not delegate that responsibility to a Special Master.

Rule 53 authorizes a district court to appoint a Special Master only in narrow circumstances. The rule provides in relevant part that "[u]nless a statute provides otherwise, a court may appoint a master **only** to:"

> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>> (i) some exceptional condition; or
>> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a) (emphasis added). This Court's cases make clear that "reference to a master shall be the exception and not the rule." *Richardson v. Trump*, 496 F. Supp. 3d 165, 190 (D.D.C. 2020); *Montgomery v. Comey*, 300 F. Supp. 3d 158, 171 (D.D.C. 2018) ("Such appointments are the exception and not the rule"). None of Rule 53(a)'s bases for the appointment of a Special Master is applicable here.

***First***, although a Special Master may be appointed to "perform duties consented to by the parties," Fed. R. Civ. P. 53(a)(1)(A), Defendants and the Department of Justice do **not** consent to the appointment of Ms. Jessie Liu or any Special Master in this proceeding. Fed. R. Civ. P. 53(a)(1)(A).[1]

That position is consistent with Department of Justice policy, which indicates that the Department must generally oppose the use of special masters, except in narrow circumstances, because "the judicial power vested by the Constitution in the courts is to be exercised by judges and their legislatively created subordinates, such as United States Magistrates." Memorandum of Edwin Meese III, *Department Policy Regarding Special Masters* (1986) (Attachment 1). This policy "accords with Rule 53 of the Federal Rules of Civil Procedure, under which the appointment of special masters and other non-legislative judicial delegees is to be considered the exception rather than the rule." *Id.* at 1.

Relevant here, Department of Justice policy directs opposition to the appointment of a Special Master, among other reasons, where:

- The Special Master's "decision[] will have to be reviewed by the judge in substantial detail"; and

- "The imposition on the parties of additional expenses can be justified … by the prospect of a substantial increase in litigation efficiency" and not "merely to save the time of judicial officers that Congress has determined shall be available to all."

[1] The Court referenced two decisions during the October 30 hearing. First, *In re Deepwater Horizon*, 824 F.3d 571 (5th Cir. 2016), upheld the appointment of a Special Master to investigate attorney misconduct because the attorney "waived his right to object to [the Special Master's] appointment because he raised no objection until after [the Special Master's] adverse report was issued." *Id.* at 579. Second, *Dobyns v. United States*, 915 F.3d 733 (Fed. Cir. 2019), merely observed that the Court of Federal Claims had selected a special master to assess whether "alleged acts of misconduct warranted relief under Rule 60." *Id.* at 737. In that case, "[b]oth parties agreed that the appointment of a special master was appropriate." *Dobyns v. United States*, 127 Fed. Cl. 63, 66 (Mar. 2, 2026). Defendants and the Department of Justice have neither consented to the appointment of Ms. Liu (or any Special Master) nor waived their right to object.

*Id*. at 2, 3. Both are true here: Any findings of a Special Master regarding purported ethics violations plainly would need to be "reviewed" by this Court "in substantial detail." *Id*. And there is no indication that the appointment of a Special Master would "substantial[ly] increase" the efficiency of any ethics investigation. *Id*. at 3. If anything, the extra time it would take for a Special Master to become accustomed to the facts of this case would materially delay the resolution of any ethics inquiry.

***Second***, the appointment of a Special Master in this proceeding without consent is not authorized by Rule 53(a)(1)(B). That subparagraph authorizes a Special Master to "hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury." The provision's reference to "trial proceedings" makes clear that it is limited to proceedings that are part of the pending litigation and relevant to the claims in the case. Black's Law Dictionary 1735 (10th ed. 2014) (defining "trial" as "a formal judicial examination of evidence and determination of legal claims in an adversary proceeding"). A judicial investigation into attorney ethics—a non-adversarial proceeding unrelated to the actual claims being litigated—is not a "trial proceeding" in any meaningful sense of the phrase.

Even if it were, the appointment of a Special Master is not "warranted by … some exceptional condition." Fed. R. Civ. P. 53(a)(1)(B)(i). To date, the Court has not purported to identify any "exceptional condition" that would justify appointing a Special Master without consent. To the contrary, the Court expressed that it is "fully prepared to conduct th[e] inquiry itself" and has proposed a Special Master as an option the Government can accept or reject. *See* Tr. 73:2-3, Oct. 30, 2026. Defendants are not aware of any decision concluding that an inquiry into possible attorney ethical violations qualifies as an "exceptional condition" under Rule 53(a). *Cf. In re U.S. Dep't of Defense*, 848 F.2d 232, 236 (D.C. Cir. 1988) (finding "exceptional

condition" in case requiring review of "a massive collection of 14,000 pages" of documents and law clerks obtaining "special security clearances").

***Third***, the appointment of a Special Master for the purpose of investigating purported ethical violations by Department of Justice and Department of the Interior counsel can be "effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Again, the Court has expressly stated that it is "available" to address this matter—"The Court is fully prepared to conduct this inquiry itself." Tr. 73:3-4, Oct. 30, 2026.

* * *

Again, there is no reasonable basis for conducting an ethics inquiry in this case. That should end this matter. But even if the Court were to disagree, the Court may not appoint any Special Master in this case.

Respectfully submitted this 13th day of November 2026.

**STANLEY E. WOODWARD, JR.**
Associate Attorney General

**ANDREW J. BLOCK**
Senior Counsel
Office of the Associate Attorney General
950 Pennsylvania Avenue
Washington, DC 20530
(202) 514-9500
stanley.woodward@usdoj.gov

**ADAM R.F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

**ROBERT STANDER**
Deputy Assistant Attorney General

**BENJAMIN HAYES**
Deputy Assistant Attorney General

**MARISSA A. PIROPATO**
Deputy Chief (MA Bar No. 651630)

*/s/ Michael K. Robertson*
**MICHAEL K. ROBERTSON**
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square

150 M Street NE
Washington, DC 20002
Tel: (202) 598-3835
Email: michael.robertson@usdoj.gov

*Attorneys for Defendants*