**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE, *et al.*,

*Plaintiffs*,

*vs.*

UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,

*Defendants*.

Case No. 1:26-cv-477-ACR

**JOINT STATUS REPORT**

The parties submit this joint status report in response to the Court's minute order of November 16, 2026, directing the parties to propose a briefing schedule to govern Plaintiffs' forthcoming motion for a preliminary injunction. The parties met and conferred on a proposed schedule on November 17 but were unable to reach an agreed proposal. Their respective positions are set forth below.

*Plaintiffs' Proposal*

Plaintiffs intend to expeditiously file a motion for a preliminary injunction against closure of East Potomac Park. Two factors bear on the schedule for briefing that motion.

First, as Plaintiffs discussed in prior TRO briefing, *see* ECF 149 at 2-3, 20, Defendants have raised factual points in opposition to Plaintiffs' request for preliminary relief regarding which Plaintiffs should have an opportunity to develop in a more complete record. In particular, Plaintiffs should be permitted an opportunity to probe the circumstances of Defendants' ouster of the National Links Trust by subpoenaing testimony and documents from NLT. A motion to seek that targeted, expedited discovery from NLT is forthcoming; if approved by the Court, Plaintiffs

would seek to complete that limited discovery of NLT by November 20, prior to filing their preliminary injunction motion. Plaintiffs' proposed schedule seeks to enable limited exploration of this issue without unduly delaying further proceedings.

Second, the 14-day period covered by the Court's November 14 temporary restraining order straddles the Thanksgiving holiday. The Court has rightly noted the demands that this case has already placed on all those involved. If possible, the briefing schedule should seek to ensure that the Court, its staff, the parties, and any third-party witnesses do not have their holidays interrupted because of the unsupported timing of the government's planned closure.

In light of these considerations, and in order to provide adequate time for the Court to consider the parties' briefing and any new factual developments that may emerge, Plaintiffs respectfully submit that the Court should extend the TRO by 14 days (until December 12) for good cause under Federal Rule of Civil Procedure 65 and enter the schedule below. "Although there is little case law on what constitutes 'good cause,' a showing that the grounds for originally granting the [TRO] continue to exist is sufficient." *Costa v. Bazron*, No. 19-cv-3185, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) (quotation marks omitted); *see generally* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2953 (3d ed.) (noting that the decision "is subject to the judge's sound discretion depending on the facts and circumstances of the particular case"). That is the case here. Moreover, courts have found good cause where—as here—"the moving party needs additional time to prepare and present its preliminary injunction," *Costa*, 2020 WL 2410502, at *2 (brackets omitted), "the Court needs time to consider … the forthcoming motion," *id.* at *3, and "upcoming holidays [are] occurring during the typical fourteen day period," *Garrison Drama Ltd. v. 263 WMZJ Phone Case Store*, No. 24-cv-9742, 2025 WL 88080, at *4 n* (S.D.N.Y. Jan. 10, 2025).

Plaintiffs therefore propose the following schedule:

| | |
|---|---|
| Plaintiffs' motion for preliminary injunction: | November 25, 2026 |
| Defendants' opposition: | December 2, 2026 |
| Plaintiffs' reply: | December 7, 2026 |
| Hearing: | December 8, 2026, or as soon after December 7 as the Court's schedule allows |

Given the roles of Acting NPS Director Jessica Bowron and Superintendent Dr. Kevin Griess in the decision to close the park on November 15, the hearing should include testimony from both witnesses.

Finally, as Plaintiffs have previously addressed, ECF 149 at 20-21, any request by Defendants for a stay pending appeal would be premature before the Court has even issued a preliminary injunction decision.

*Defendants' Proposal*

The Court has everything it needs to promptly consider a motion for preliminary injunction concerning Defendants' planned November 15, 2026, closure of East Potomac Park south of Buckeye Drive SW. Many of the same issues that have already been presented and briefed in this case would presumably also be at issue in any forthcoming motion. Excessive briefing and argument are unnecessary and any additional witness testimony in this APA case on the subject closure decision, even with a prior finding of bad faith (which Defendants continue to dispute), would be without basis. The Court will have the Record of Decision for the closure, supporting documentation in the record, and the parties will directly address the Court's question raised in its November 16, 2026 Minute Order concerning the scope of any requested injunctive

relief, including whether the Court may require the Government to operate East Potomac Golf Course in order to maintain the status quo.

Cognizant of the Court's time constraints around the Thanksgiving holiday, Defendants would propose (1) waiving any request for a hearing on any preliminary injunction motion and any reply in support of their Motion for Stay, (2) consenting to further page limitations ordered by the Court for any briefing, and (3) would propose the condensed schedule below to permit the Court to issue a ruling before the expiration of the TRO on November 28:

- Thursday, November 19 – Plaintiffs file Motion for Preliminary Injunction.
- Monday, November 23 – Defendants file a Combined Opposition and Motion for Stay.
- Wednesday, November 25 – Plaintiffs file Combined Reply and Opposition.

Dated: November 17, 2026

Respectfully submitted,

/s/ Will Bardwell
Will Bardwell (Bar No. 90006120)
Mark B. Samburg (Bar No. 1018533)
Kevin E. Friedl (Bar No. 90033814)
Anna L. Deffebach (Bar No. 241346)
Catherine M.A. Carroll (Bar No. 497890)
Robin F. Thurston (Bar No. 7268942)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
wbardwell@democracyforward.org
msamburg@democracyforward.org
kfriedl@democracyforward.org
adeffebach@democracyforward.org
ccarroll@democracyforward.org
rthurston@democracyforward.org

Abbe David Lowell (Bar No. 358651)
Caleb Hayes-Deats (Bar No. 1653213)
Jack Bolen (Bar No. 90031046)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
Chayes-Deats@lowellandassociates.com
JBolen@lowellandassociates.com
AReilly@lowellandassociates.com

Norman L. Eisen (Bar No. 435051)
Lindsay Zimliki (Bar No. 475890)
DEMOCRACY DEFENDERS FUND

*Counsel for Plaintiffs*

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
Norman@democracydefenders.org
Lindsay@democracydefenders.org

**STANLEY E. WOODWARD, JR.**
Associate Attorney General

**ANDREW BLOCK**
Senior Counsel
Office of the Associate Attorney General
950 Pennsylvania Avenue
Washington, DC 20530
(202) 514-9500
stanley.woodward@usdoj.gov

**ADAM R.F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

**ROBERT STANDER**
Deputy Assistant Attorney General

**BENJAMIN HAYES**
Deputy Assistant Attorney General

**MARISSA A. PIROPATO**
Deputy Chief (MA Bar No. 651630)

*/s/ Michael K. Robertson*
**MICHAEL K. ROBERTSON**
Trial Attorney (DC Bar No. 1017183)
U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202) 598-3835
Email: michael.robertson@usdoj.gov

*Attorneys for Defendants*